CASES IN THE SUPREME COURT

                             WELCH VS. MAY.

In *March*, 1859, a defendant obtained an order staying proceedings till the fur-
        ther order of the court, upon a judgment which had been entered up against
        him in *June*, 1858, and then took no further step in the matter until *July*,
        1860, when he applied for an order to show cause why the judgment should
        not be set aside: *Held*, that this was not such diligence as the law requires
        in such a case, and that the motion was properly denied.

APPEAL from the Circuit Court for *Rock* County.

This was an appeal from an order refusing to set aside a
judgment. The judgment was entered on the 10th of June,
1858, upon an affidavit of due service of summons and com-
plaint, and of no appearance or answer within the time for
answering; but it was also stated in the affidavit, that on the
4th of June, 1858, fifty-nine days after service of complaint,
an answer was left in the office of the plaintiff's attorneys,
in their absence, which they immediately returned because
it was not served in time. The summons and copy of com-
plaint were served on the defendant in person, April 6th,
1858. In March, 1859, the defendant, upon affidavits that
the period for answering had been extended from time to
time by the plaintiff's attorneys, that the answer had been
served within the time so extended, and that no notice of
an application for judgment or for the assessment of dam-
ages had ever been given to him or his attorney, obtained
an order from the circuit judge staying all proceedings upon
the judgment until the further order of the court. In July,
1860, upon affidavits, stating the further facts, that when the
plaintiff's attorneys returned the defendant's answer they gave
as a reason that it was no answer, or a frivolous one, and
that no notice had ever been given of any motion to set it
aside as frivolous, the defendant obtained an order that the
plaintiff show cause on &c., why the judgment should not be
set aside. On the hearing, an affidavit of one of the plaintiff's
attorneys was read, stating that no appearance was entered
or answer put in by the defendant until the 4th of June,
1858, and that the answer was returned to the defendant's
attorney immediately, "for the reason that it was not served
within the time required by the summons." The motion to

June Term,
1861.

WELCH
v.
MAY.

set aside the judgment was overruled, and the defendant excepted to the decision, and appealed.

*Bennett, Cassoday & Gibbs*, for appellant:

The affidavit of the plaintiff's attorney does not *deny* that the time for answering had been extended and that the answer was filed within the extended time. The service within the time required by the summons may be waived by parol. 1 Monell's Pr., 166. The affidavit of the defendant's attorney shows that the answer was returned because it was frivolous, and though the plaintiff's attorney states in his affidavit that he returned it because not served in time, he is careful *not* to say that he stated that to the defendant's attorney as the reason for returning it. If the answer was frivolous, it could not be disregarded as a nullity (7 How. Pr. R., 36), but the plaintiff should have applied for judgment under R. S., chap. 132, sec. 22. *Foote vs. Carpenter*, 7 Wis., 396. The action was not on a written instrument for the payment of money only, and judgment without notice of the subsequent proceedings in the cause was irregular. 10 How. Pr. R., 103.

*J. A. Sleeper*, for respondent:

It was the duty of the defendant to move at the earliest opportunity after his answer was returned, for leave to file and serve it, if he was entitled to such leave; and he could not sleep upon his right more than two years and then ask to be relieved from the consequences of his own neglect. 6 Wis., 164; 1 How. Pr. R., 54, 63, 93, 245; 11 id., 91, 116; 16 id., 129. Important rights may be affected now by setting the judgment aside. 7 Wis., 595. By the R. S., 1849, and by the R. S., 1858, the motion to set aside a judgment must be made within one year; this motion was therefore too late. 6 Wis., 164; 9 How. Pr. R., 35; 16 id., 164. The defendant's attorney was not entitled to notice of application for judgment or assessment of damages, not having appeared within the time to answer. There was no assessment of damages to be made; judgment was properly entered for the amount demanded in the complaint.

*By the Court*, PAINE, J. The order refusing to set aside November 2.

June Term,
1861.

the judgment must be affirmed, for the reason that the motion was made too late. The judgment was entered on the 10th of June, 1858. In March, 1859, the defendant obtained an order staying proceedings, and then slumbered until July, 1860. This is not such diligence as the law requires in those who honestly desire to be relieved from a judgment which has been improperly entered against them. *Bliss vs. Treadway*, 1 How. Pr. R., 245; *Patterson vs. Graves*, 11 id., 91; *Jones vs. Slate Company*, 16 id., 129; *Sanderson vs. Dox*, 6 Wis., 164.

The order is affirmed, with costs.