GEORGE B. SANDERSON, Appellant,

*vs.*

HAMILTON B. DOX, Appellee.

APPEAL FROM ROCK CIRCUIT COURT.

Where, after personal service, a judgment has been entered against a defendant in default of plea, and no fraud or improper conduct is imputed to the plaintiff or his attorney in procuring the same, the court will not disturb the judgment, upon affidavit of merits,—the defendant, by mere neglect, having permitted a year to elapse before filing his motion to vacate.

Where a judgment rendered upon default, after personal service of the summons or declaration, is sought to be vacated, reasonable diligence must be used in making the application.

This was an appeal from an order of the Circuit Court of Rock county overruling a motion to vacate a judgment rendered against the defendant in default of a plea, on an affidavit of merits. The facts and circumstances of the case are stated at large in the opinion of the court.

*M. H. Carpenter*, for appellant.

*By the Court*, WHITON, C. J.—We are obliged to affirm the order of the Circuit Judge in this case; but we do so with some reluctance. It seems that personal service was made upon the defendant, and that no defence was made to the suit. Of course judgment was recovered against him.

This was in July, 1856. In July, 1857, he made a motion to vacate the judgment, founded upon an affidavit which sets forth the following facts: that he was only an accommodation endorser of the bill which was the foundation of the suit, and never received anything of value for, or on account of it. That

when the bill matured he resided in St. Louis, Missouri; that he never received notice of the protest of the bill; and that he has been informed and believes that the notice of protest intended for him was sent to his address at Janesville, where he has never resided : that when said bill matured he had in his hands, securities for more than the amount due on the bill, and of value exceeding the amount due on the bill, which he subsequently surrendered to A. K. Norris and H. B. Bunster, in the belief that the bill had been paid,—he never having received notice of protest. The affidavit further states that on being served with a copy of the declaration he applied to and retained Mr. Patten, an attorney at law, to defend the suit; that he supposed Patten had taken the necessary steps to defend it, and that it was still pending and undisposed of, until about twenty days before the affidavit was made, when he learned, by a letter received by him in St. Louis from M. H. Carpenter, that a judgment had passed against him by default. The affidavit further states, that although nearly a year had elapsed since the judgment was obtained against him, and although he had been several times in Wisconsin since that time, and had all the time property in the county of Rock subject to levy, no execution had been issued against him, nor the costs taxed, nor was he notified that a judgment had been obtained against him, except as above stated. The affidavit further states, that after a full statement of the facts of the case to his counsel, he has been advised by him that he has a perfect defence upon the merits.

The above is a statement of the facts upon which Sanderson relied in the court below to obtain an order vacating the judgment. We see no evidence of any trick, or unfair dealing on the part of the plaintiff. He gave notice to the defendant personally, by the service of the declaration upon him, and obtained his judgment in the usual manner. But we should be of opinion that the judgment ought to be vacated, if the defendant had shown reasonable diligence in making his application.

But it seems strange that a person who supposed he had a

good defense to an action in which the amount claimed was so large, should not communicate with the attorney he had employed to defend the suit for a year after he had retained him, when he must have known that two terms of the court in which the action was pending, had taken place. The affidavit states that Patten was retained on the day the declaration was served.

This appears to have been done on the 2d day of July, 1856, with notice of the entry of a rule to plead in twenty days. Having retained an attorney to defend the suit, he appears to have entirely neglected to make any inquiry of his attorney about it for a year, and finally to have heard that a judgment had been obtained against him from a third person, although he was in Wisconsin several times after the judgment was recovered, and before the affidavit was made. We think this entire neglect of the case by the defendant for a year, in the absence of any evidence of trick or fraud on the part of the plaintiff, justified the judge of the Circuit Court in denying the motion. We must therefore affirm the order appealed from.