HARNEY and another, Appellants, vs. BURHANS, Respondent.

*October 24 — November 8, 1895.*

*Vendor and purchaser of land: Statute of frauds: Sufficiency of memo-randum: Part performance: Recovery of purchase money.*

1. A writing signed by the owner of land: "Received of J. B. $300, paid some days since, and $1,900 this 27th day June, 1890, on lots 481, 483, 485, 487, on 5th St., Ely Add. to Superior. Deed made to

Harney and another vs. Burhans.

be delivered and grantee named. A mort. for $3,800, 1 and 2 at 8 per cent." — was not a sufficient memorandum of a contract for the sale of land to satisfy the statute of frauds (sec. 2304, R. S.).

2. Such writing was not intended merely to create the relation of principal and agent between the parties.

3. Payment of part of the purchase price, and the subsequent payment of taxes and listing of the land with real-estate agents for sale, unaccompanied by actual possession on the part of the vendee, was not a sufficient part performance of the contract to take it out of the statute of frauds.

4. One who has paid a part of the purchase price of land under a void contract for its purchase may recover back the same, with interest from the time of a demand for its return.

APPEAL from a judgment of the superior court of Douglas county: E. B. BUNDY, Judge. *Reversed.*

This is an action to recover money paid under a contract claimed by plaintiff to be void under the statute of frauds.

The trial court found as facts that a contract in writing was entered into between the parties on the 17th day of June, 1890, whereby plaintiffs agreed to purchase of defendant, and defendant agreed to sell to plaintiffs, certain real estate described, for the sum of $6,000, $2,200 to be paid down, and the balance to be secured by a mortgage on the property; that thereafter, on the 27th day of June, 1890, such contract, by mutual agreement, was abandoned, and a new contract was made, resting partly in parol and partly in writing. The written part the trial judge attempted to set out in the findings, but failed to do so correctly. The following is a correct copy of such writing:

"Received of *John Brennan* $300, paid some days since, and $1,900 this 27th day June, 1890, on lots 481, 483, 485, 487, on 5th St., Ely Add. to Superior. Deed made to be delivered and grantee named. A mort. for $3,800, 1 and 2 at 8 per cent. I. W. BURHANS."

After the last-mentioned agreement was made, defendant did not exercise any acts of ownership over the real estate described, but plaintiffs did exercise such acts by paying

taxes and by listing the property for sale with real-estate agents, naming a price exceeding $6,000. The property was vacant and unimproved, and not at any time in the actual occupation of plaintiffs, and they did not exercise any control over the same, except as before stated. Prior to the bringing of this action, plaintiffs demanded a return of the $2,200 paid down on the agreement and mentioned in the memorandum, on the ground that the contract was for the sale of an interest in real estate and, as such, void under the statute of frauds for want of any sufficient memorandum in writing expressing the consideration and subscribed by the party by whom such sale was to be made or by his lawfully authorized agent, pursuant to sec. 2304, R. S.

The trial court held that if the agreement of June 27, 1890, was a contract for the sale of land, and void at its inception under the statute of frauds, there had been a sufficient performance on the part of the plaintiffs to take it out of the statute, but that it was in fact a mere agreement creating the relation of principal and agent between the parties under it; that plaintiffs were granted the right to sell the land as agents for the defendant, and to have, as a commission on the sale, the excess obtained over $6,000 and interest on $3,800 from the date of the agreement, June 27, 1890. Judgment was accordingly rendered in defendant's favor, dismissing the complaint and for costs, from which judgment this appeal was taken, and appropriate exceptions preserved in the record to present the questions here considered.

For the appellants there was a brief by *McHugh, Lyons & McIntosh*, attorneys, and *A. L. Sanborn*, of counsel, and oral argument by *T. E. Lyons*. They argued, among other things, that the memorandum was insufficient to satisfy the statute of frauds. *Gault v. Stormont*, 51 Mich. 636; *Campbell v. Thomas*, 42 Wis. 437; *Popp v. Swanke*, 68 id. 364; Browne, Statute of Frauds, § 373; 1 Reed, Statute of Frauds,

§§ 323, 401; 8 Am. & Eng. Ency. of Law, 723; *Grafton v. Cummings,* 99 U. S. 100; *Lewis v. Wood,* 153 Mass. 321; *Nelson v. Shelby Mfg. & Imp. Co.* 96 Ala. 515; *Koch v. Williams,* 82 Wis. 186; *Clarke v. McAuliffe,* 81 id. 104; *James v. Muir,* 33 Mich. 223; *Scott v. Bush,* 29 id. 523. Payment of the $2,200, the listing of the property with the real estate agents, and the payment of taxes for one year to prevent a sale of the land therefor, is not a sufficient performance to take the case out of the statute of frauds. 1 Warvelle, Vendors, 191; *Smith v. Finch,* 8 Wis. 245; *Brandeis v. Neustadtl,* 13 id. 142; *Popp v. Swanke,* 68 id. 364; *Koch v. Williams,* 82 id. 186; *Campbell v. Thomas,* 42 Wis. 437; *Levy v. Brush,* 45 N. Y. 589.

For the respondent there was a brief by *Knowles, Dickinson, Buchanan, Graham & Wilson,* and oral argument by *S. N. Dickinson.*

MARSHALL, J.   It is perfectly plain that the trial court did not consider the memorandum sufficient to satisfy the statute of frauds, though he did not so distinctly find, but that is clearly the effect of his findings, with which we concur. Obviously, the written memorandum was insufficient in several material particulars.   It is not necessary that the memorandum should contain all the parts of the contract, or be formal.   No matter how bunglingly it may be drawn, it will satisfy the statute of frauds if it contains all the essential terms of the contract, either by its terms or by reference to other writings, so that it will not be necessary to resort to parol evidence to explain it.   It must be definite in respect to the intention of the parties, who they are, their relation one to the other, who is the seller, who the buyer, the property, the price, and the terms of payment.  This is too well established to need authorities in support of it; and, tested by the rule thus stated, the imperfections of the memorandum are quite apparent.

Harney and another vs. Burhans.

We are unable to concur in the conclusion of the learned trial judge that the facts disclosed by the evidence, and mentioned in the findings, are sufficient to take the case out of the statute.    It was early decided by this court (*Smith v. Finch,* 8 Wis. 245) that the full payment of the purchase money is not sufficient to take a case out of the statute, so that specific performance will be decreed, unless accompanied by *actual possession or some act whereby the vendee has received an injury for which a court of law cannot give a complete remedy.*    Such is the effect of the decision, and the same has been repeatedly followed. · *Horn v. Ludington,* 32 Wis. 73; *Ingles v. Patterson,* 36 Wis. 373; *Thrall v. Thrall,* 60 Wis. 503; *Popp v. Swanke,* 68 Wis. 364.

If appellants had brought an action for specific performance, obviously they would have been unsuccessful, upon the ground that the contract was, in its inception, within the statute of frauds, and that the part performance shown was insufficient to relieve it of that difficulty, so as to enable a court of equity to enforce it.

We are also unable to agree with the learned judge in his conclusion that the memorandum of the contract between the parties created the relation of principal and agent.    In our view, it is too clear for argument that the contract was for the sale of the land or of some interest therein, or the creation of some estate or interest in land.    If the latter, it is void because such interest was not created by deed or conveyance in writing subscribed by the party creating the same or by his lawful agent thereunto authorized by writing (R. S. sec. 2302); if the former, because the memorandum is insufficient, under R. S. sec. 2304.    The payment of $2,200 to the defendant, to be retained to apply on the interest in the land sold or created, is inconsistent with, it appears to us, any reasonable theory that the parties contemplated by the contract the mere creation of the relation of principal and agent.

The contract being void, the plaintiffs are entitled to recover back the $2,200 paid, with interest thereon from the time of the demand for its return, which, according to the evidence, was October 6, 1893.

*By the Court.*— The judgment of the superior court is reversed, and the cause remanded with directions to render judgment in favor of the plaintiffs in accordance with this opinion.