MERTEN, Respondent, vs. KOESTER and another, Appellants.

*April 2—June 4, 1929.*

For the appellants there was a brief by *Brennan, Lucas &*

*McDonough* of Milwaukee, and oral argument by *G. L. Mc-Donough.*

For the respondent there was a brief by *Stern & Hersh,* and oral argument by *Willard A. Bowman,* all of Milwaukee.

ROSENBERRY, C. J. The question presented is whether or not Exhibit 1, set out in the statement of facts, is a sufficient memorandum of the transaction to satisfy the statute of frauds, there having been no other writing between the parties. Sec. 240.08 provides:

"Every contract for the leasing for a longer period than one year or for the sale of any lands or any interest in lands shall be void unless the contract or some 'note or memorandum thereof, expressing the consideration, be in writing and be subscribed by the party by whom the lease or sale is to be made or by his lawfully authorized agent."

It is considered that the memorandum is insufficient to comply with the statute of frauds and this case is within the rule of *Durkin v. Machesky,* 177 Wis. 595, 188 N. W. 97. The memorandum does not express the consideration nor embody the agreement between the parties. A material and essential part of the agreement was the assumption of the mortgage by the purchaser. In the light of the surrounding circumstances it is apparent that the memorandum did not express the true agreement, nor is the bungalow which is to be given as a part of the purchase price sufficiently described to amount to a compliance with the statute. Having regard only to the terms of the instrument, the defendant Zetley seems to have no relation whatever to the transaction. *Harney v. Burhans,* 91 Wis. 348, 64 N. W. 1031; *Wirthwein v. Dailey,* 182 Wis. 200, 196 N. W. 221. The contract is therefore void and the judgment of the circuit court was right.

*By the Court.*—Judgment affirmed.