THIEL, Respondent, vs. JAHNS and wife, Appellants.

*November 20—December 23, 1947.*

*Harry A. Kovenock* of Milwaukee, for the appellants.

For the respondent there was a brief by *Krueger & Fulmer* of Wausau, and oral argument by *William F. Krueger*.

WICKHEM, J.   In this case the question is as to the sufficiency of a memorandum relating to the sale of real estate. Plaintiff lives in the town of Berlin in Marathon county, near a small settlement called Little Chicago.   Defendants, husband and wife, live in Milwaukee.   Defendant, William A. Jahns, a carpenter, had built a house some years ago on land belonging to his father and located in Little Chicago, and when William moved to Milwaukee in 1926 his parents deeded to him a one-and-one-half-acre piece which included the site of the house.   A fence incloses the house, garden, and some lawn but not the entire acre-and-a-half piece.   The mother of. William Jahns lives in this house and owns a piece of property one and one-half acres in extent adjoining William's on the west. There is a woodshed built by William's father which is partly on the mother's property and partly on William's.   William's property contains no well but there is a well upon his mother's property.   The acre-and-a-half tract is the only property owned by Jahns in any of the townships in which the settlement called Little Chicago is situated.

Beginning with 1944 or 1945 defendant William Jahns had talks with plaintiff and his wife about selling this property for $2,300 but no deal resulted.   On or about March 17, 1946; Thiel called at the Jahns' home in Milwaukee to inquire whether the property in Little Chicago was still for sale. Either then or on March 27th of the same year the parties negotiated for the sale of either the house with half an acre of land as claimed by defendants, or an acre and a half as contended by plaintiff.   On that date Jahns wrote out and signed the following receipt:

"March 27, 1946.

Received of Ernest Thiel
Fifty and no/100  Dollars
    For down payment on house at Little Chicago. . . .
    $50.00 . . . [Signed] WILLIAM A. JAHNS.·
        Bal. 2,450."

Two days later Jahns returned the $50 to plaintiff stating that he could not go through with the deal, and on April 3, 1946, he again wrote admitting that he had "tentatively acquiesced to sell you my house subject to further communication with my family" but that his family opposed the sale.

There is a dispute whether for the price of $2,500 Jahns was to sell the house with half an acre of land or with an acre and a half. The trial court found that the acre and a half was agreed upon by the parties. There is also a dispute whether Josephine Jahns acquiesced in the sale. It was claimed by plaintiff, and the court held, that she was present, took part in the negotiations, acquiesced in the sale, and is estopped to assert her dower rights.

Sec. 240.08, Stats., reads as follows:

"Every contract for the leasing for a longer period than one year or for the sale of any lands or any interest in lands shall be void unless the contract or some note or memorandum thereof, expressing the consideration, be in writing and be subscribed by the party by whom the lease or sale is to be made or by his lawfully authorized agent."

In *Harney v. Burhans,* 91 Wis. 348, 349, 351, 64 N. W. 1031, the memorandum read as follows:

"Received of John Brennan $300, paid some days since, and $1,900 this 27th day June, 1890, on lots 481, 483, 485, 487, on 5th St., Ely Add. to Superior. Deed made to be delivered and grantee named. A mort. for $3,800, 1 and 2 at 8 per cent.
                I. W. BURHANS."

This memorandum was held to be insufficient. It was held in the *Harney Case, supra,* that "no matter how bunglingly it

may be drawn, it will satisfy the statute of frauds if it contains all the essential terms of the contract, either by its terms or by reference to other writings, so that it will not be necessary to resort to parol evidence to explain it. It must be definite in respect to the intention of the parties, who they are, their relation one to the other, who is the seller, who the buyer, the property, the price, and the terms of payment."

In this case the agreement is to sell the "house at Little Chicago." The house at Little Chicago is on one and one-half acres of land. Resort to parol indicates that the house and less than one and one-half acres of land are so inclosed as to make a complete living unit. When we get into the testimony we find a dispute as to what property was agreed to be sold by this memorandum, and to grant specific performance is to use parol evidence not to identify the property in the memorandum but to establish by parol what property was intended to be sold. We cannot do this under the statute of frauds. Had the contract been to sell "my real estate at Little Chicago" or "all of my property in Little Chicago" the property could be identified by establishing that defendant owned only one piece of real estate or property in Little Chicago. In such cases parol evidence is used simply to identify the property to which reference is made in the memorandum. The description must be sufficient, however, so that the function of parol is limited to identification to a reasonable certainty. In this case the parol evidence discloses that the word "house" could include the inclosed lawn and garden or even less than that or that it could include the balance of the acreage. In order to establish the description of the land intended to be conveyed it is necessary to give independent effect to the parol understanding as to the quantity of land involved. This is not identification. It is supplying a portion of the description by parol and this is clearly contrary to the statute and to the rule in the *Harney Case, supra.* We do not always have the same difficulty in city

property because the land belonging to a given house is fre-, quently so restricted by urban conditions that the amount in- tended to be conveyed is fairly obvious.  As an illustration of the distinction between identifying the land referred to in a memorandum and merely supplying the description by parol the following cases are useful:

In *Wirthwein v. Dailey,* 182 Wis. 200, 202, 196 N. W. 221, it was said:

"It is the contention of plaintiff that it can be shown by parol evidence that the parties viewed certain premises and that the premises so viewed are the ones referred to in the memoran- dum as the 'house and lot.'"

This contention was held to be unsound because it would permit any memorandum, however indefinite, to be made cer- tain by parol evidence and the provisions of the statute would thereby be made ineffective.  In *Mann v. Becker*, 171 Wis. 121, 123, 176 N. W. 765, a memorandum was as follows:

"Milwaukee, Wis., April 26, 1915.  Received of Peter Mann twenty dollars ($20) as security to apply on purchase price.  Price of flat is six thousand dollars ($6,000).  ROB- ERT J. BECKER, 2214 Keefe Ave."

The memorandum was held to be fatally defective because it did not contain a description of the property.

In *Durkin v. Machesky,* 177 Wis. 595, 599, 188 N. W. 97, it was held that the description was too vague and uncertain to constitute a binding contract.  The court said: "It does not appear whether one lot or more was intended.  Counsel for defendant cite cases where parol evidence has been received to identify the land, but they are cases where some language was expressed in the writing to which parol evidence could be linked and the property identified with reasonable certainty."

We are of the view that the memorandum in this case fails for the same reason that that in the *Machesky Case, supra,*

failed. In view of this conclusion it is unnecessary to deal with plaintiff's contention that defendant's wife is estopped to take any advantage out of the fact that she did not sign the memorandum for the purpose of waiving her dower rights.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss plaintiff's complaint.

FOWLER, J., took no part.