WIEGAND and wife, Respondents, v. GISSAL and wife, Appellants.*

*October 4—November 2, 1965.*

* Motion for rehearing denied, without costs, on January 4, 1966.

490

For the appellants there were briefs by *Paul Binzak*, attorney, and *Gerald A. Flanagan* of counsel, both of Milwaukee, and oral argument by *Mr. Binzak.*

For the respondents there was a brief by *Niebler & Herro,* attorneys, and *Chester J. Niebler* of counsel, all of Milwaukee, and oral argument by *Chester J. Niebler.*

HEFFERNAN, J. The first question to be decided is whether the description of the property is so inadequate as to be void under the statute of frauds. The statute (sec. 240.08, Stats.) provides:

"CONTRACT FOR LEASE OR SALE TO BE IN WRITING. Every contract for the leasing for a longer period than one year or for the sale of any lands or any interest in lands shall be void unless the contract or some note or memorandum thereof, expressing the consideration, be in writing and be subscribed by the party by whom the lease or sale is to be made or by his lawfully authorized agent."

In order to satisfy the statute of frauds we have uniformly held that the memorandum or contract must describe with reasonable certainty the property to which it relates.[1]

We have held that for a description to be adequate that memorandum cannot merely describe the buildings to be conveyed, but must also describe the land that accompanies these buildings. *Stuesser v. Ebel, supra.*

---

[1] See *Stuesser v. Ebel* (1963), 19 Wis. (2d) 591, 593, 120 N. W. (2d) 679; Restatement, 1 Contracts, p. 278, sec. 207; 37 C. J. S., Frauds, Statute of, p. 669, sec. 184; *Harney v. Burhans* (1895), 91 Wis. 348, 349, 64 N. W. 1031; *Thiel v. Jahns* (1947), 252 Wis. 27, 30 N. W. (2d) 189; *Kelly v. Sullivan* (1947), 252 Wis. 52, 30 N. W. (2d) 209.

The property covered by the option is described in section 17 of the lease. But the description, with the exception of that in regard to a 10-foot easement to the lake, is limited to referring to the buildings:

". . . the tavern building, the two-family apartment adjacent to the rear of said tavern building, the picnic grounds to the East, the ball grounds to the West . . . ."

This description on its face is uncertain and insufficient, particularly where the pleadings, as here, show the seller owns more contiguous land than is being conveyed. While it can be conceded that we can identify the buildings described, there is no way of knowing the extent of the land areas surrounding them. The landlord, when directed to survey the land to be conveyed, submitted five separate surveys showing each building as an island, surrounded only with a bare minimum of adjoining land area. We agree with the trial judge that the survey was ridiculous, but it does point out the complete inadequacy of the description and the lack of any metes and bounds. While the tenant has submitted a plat showing what reasonable men may have intended, the area that the tenant insists should be conveyed is not so described in the option clause of the lease.

The question is not what reasonable men intended to convey but what they in fact described in the contract or memorandum.

We have allowed extrinsic evidence to be admitted for the purpose of satisfying the statute of frauds if the description itself furnishes some foundation, link, or key to the oral or extrinsic testimony which identifies the property. *Stuesser v. Ebel, supra.* In the instant case no link appears in the description, nor in fact has any oral or extrinsic testimony been offered to show precisely what was intended. The tenant refers to an iron pipe and a line sighted with a gate marker. Had these boundary markers been referred to in the description, they might have constituted the necessary

link or connection between the description and identifying data. Under the state of the record, however, there is no intimation that the iron stake had any relevance to the intended conveyance.

We conclude that this case is governed by *Stuesser v. Ebel, supra,* and *Thiel v. Jahns* (1947), 252 Wis. 27, 30 N. W. (2d) 189. In the *Thiel Case,* we held inadequate a description where the agreement was to sell the "house at Little Chicago." It appeared in the record that the seller not only owned a house enclosed by a fence but also additional land adjacent to it. The court concluded that the description did not sufficiently describe the property to be conveyed with the house. The court stated:

". . . 'house' could include the inclosed lawn and garden or even less than that or that it could include the balance of the acreage." *Thiel v. Jahns, supra,* at page 30.

We are faced with precisely the same situation in the instant case. The divergence of the descriptions proposed by the seller and buyer make it clear that the extent of the land to be conveyed is a matter of pure speculation. *Stuesser v. Ebel, supra,* poses a similar situation. There the contract described the property as, "the real estate owned by the Sellers and located in the Town of Oak Grove, now known as the 'Dobie Inn' and used in the business of the Sellers." This court stated, "Dobie Inn describes a tavern but not the boundaries of the land."

We conclude, therefore, that the description in this option to purchase, which merely referred to buildings by names and to some of the tracts of land by descriptions as to their use but did not otherwise define their boundaries, was insufficient under the statute of frauds, when the pleadings make it clear that they are a part a larger tract of land owned by the seller.

The tenant, however, claims that the doctrine of part performance is sufficient to take the defective agreement out of

the operation of the statute of frauds. We conclude, however, that the facts that the tenant relies upon are not sufficient to satisfy any of the defects covered by the statute of frauds. To constitute part performance, the facts that the party demanding specific performance must rely upon are required to be exclusively referable to the contract. *Kelly v. Sullivan* (1947), 252 Wis. 52, 30 N. W. (2d) 209. Here the tenant relies upon the fact that he was in possession of the premises, that he was operating a tavern licensed for a period that extended beyond the termination date of the lease, that valuable fixtures were installed by the tenant, and that valuable tavern equipment had been purchased by the tenant from the landlord. These facts are not exclusively referable to the exercise of the option to purchase. They are equally referable to his occupancy of the premises as a tenant, and in fact all of the factual data that tenant relies upon to invoke the doctrine of part performance are specifically provided for in the lease agreement and explainable by it. We have said in *Blanchard v. McDougal* (1858), 6 Wis. 165, 168 (*167, *169):

" 'So if the vendee be a tenant in possession, under the vendor, for his possession, is properly referable to his tenancy, and not to the contract.' "

49 Am. Jur., Statute of Frauds, p. 746, sec. 440, states the general rule:

". . . possession as tenant pending a final agreement of purchase will not be treated as amounting to part performance."

It is clear that the doctrine of part performance is not available to the tenant to take the contract out of the operation of the statute of frauds.

We have, in some cases, allowed "the defaulting vendee the right, with some limitation, to recover so much of his down payment as he could show amounted to unjust enrich-

ment of the seller." *Stuesser v. Ebel, supra,* page 597. The tenant in his brief claims that holding this contract to be void would deprive him of the $10,200 in rental payments which were to be credited as a down payment. The record is barren of any evidence that this rent was excessive. There is no evidence that it would be inequitable for the landlord to retain the sums paid as rent.

*By the Court.*—Judgment and order reversed, with directions to enter judgment for the defendant.

The following memorandum was filed January 4, 1966.

PER CURIAM (*on motion for rehearing*). There are two statements contained in the foregoing opinion which are claimed by the respondents to be inaccurate.

In the opinion, it is asserted: "The parties stipulated that no facts were in dispute. . . ." Upon rehearing, the respondents deny that there was such a stipulation, and their position on this is correct. However, both sides moved for summary judgment; it would appear that there were no factual issues in dispute. In his memorandum opinion, the trial judge declared:

"All of the parties involved take the position that there is no question of fact involved and that the issues are questions of law for the Court to determine on the motions for summary judgment."

In their original brief in this court, the respondents specifically argued that the defendants were not entitled "to complain that the court should have considered factual issues." This, in our opinion, constitutes an acknowledgment by the respondents that the trial court was entirely correct in its assertion "that there is no question of fact involved." While we were technically in error in referring to a "stipulation," the practical effect of the bilateral summary judg-

ment motions was the equivalent of a stipulation as to the facts.

The opinion of the court also stated that the rental payments made during the term of the lease were to be credited in favor of the tenant in the event of a purchase. The respondents charge that this statement is erroneous since only a *portion* of the rental payments was to be so credited. The respondents' position is literally correct, but the point is not deemed material to the merits of the cause.

Motion for rehearing denied without costs.