WADSWORTH, Respondent, v. MOE, General Guardian, Appellant.

*No. 244. Argued January 4, 1972.—Decided February 1, 1972.*
(Also reported in 193 N. W. 2d 645.)

For the appellant there was a brief by *Doar, Drill, Norman & Bakke* of New Richmond, and oral argument by *W. T. Doar, Jr.*

For the respondent there was a brief by *Ronald J. Carey* of Menomonie, attorney, and *Frank W. Auer* of Eau Claire, of counsel, and oral argument by *Mr. Auer.*

WILKIE, J.   A single issue is dispositive of this appeal: Is the "Real Estate Option" void under the statute of frauds, sec. 240.08?

An option to purchase real estate which does not conform to the statute of frauds is void and a nullity.[1] That statute, sec. 240.08, provides:

"**Contract for lease or sale to be in writing.** Every contract for the leasing for a longer period than one year or for the sale of any lands or any interest in lands shall be void unless the contract or some note or memorandum thereof, expressing the consideration, be in writing and be subscribed by the party by whom the lease or sale is to be made or by his lawfully authorized agent."

To comply with the statute the contract or memorandum must be reasonably definite as to the property conveyed.[2]   Here the trial court determined that the description of the real estate as "the L. W. Anacker

---

[1] *Bratt v. Peterson* (1966), 31 Wis. 2d 447, 452, 453, 143 N. W. 2d 538.

[2] *Stuesser v. Ebel* (1963), 19 Wis. 2d 591, 593, 120 N. W. 2d 679.

farm in the town of Stanton" was not sufficiently definite but that the entire document, considered as a whole together with the stipulation of facts by the parties, did comply with the statute of frauds and was, therefore, valid.

The trial court was entirely correct in deciding that the bare description on the option did not comply with the statute of frauds. When an individual owns more than one parcel of land in the same general locality, the description in the document must be sufficiently definite so that a person might know to a reasonable certainty to which parcel or parcels the document relates.[3] Here, the description of the land as "the L. W. Anacker farm in the town of Stanton" is not sufficiently definite so that one might know which land is referred to. Even though there are buildings on one parcel of land which can be identified, the description in the option must be sufficiently specific so that the extent of the land areas surrounding the buildings is known.

The trial court did find, however, that although the option description was not sufficient, the whole option when taken together with information in the stipulation of facts was sufficient to meet the statute of frauds. All the terms of a contract may be considered when deciding whether the document conforms to the statute of frauds.[4] But to consider extrinsic evidence not found on the face of the contract there must be something in the document that "furnishes some foundation, link, or key to the oral or extrinsic testimony which identifies the property." [5] Here, there was no such link. The

---

[3] *Id.* at page 593; *Wiegand v. Gissal* (1965), 28 Wis. 2d 488, 492, 493, 137 N. W. 2d 412, 138 N. W. 2d 740.

[4] *Wisconsin Central Ry. v. Schug* (1914), 155 Wis. 563, 565, 145 N. W. 177; *Kuester v. Rowlands* (1947), 250 Wis. 277, 26 N. W. 2d 639.

[5] *Wiegand v. Gissal, supra,* footnote 3, at page 493.

function of the extrinsic evidence must be limited to the identification of the real estate.[6] That evidence cannot be used to supply a portion of the description or to establish the intent of the parties.[7]

The land description in the option document was admittedly vague as to what constituted the "L. W. Anacker farm." The extent of the land is not shown. The other terms of the option contract do not clear up this ambiguity, neither does the stipulation. The extrinsic evidence shows either that both the farm and all of the schoolhouse land were conveyed; that only the schoolhouse land was conveyed; or that the farm and the schoolhouse but not the schoolhouse land were conveyed. In short, the contract, even when considered together with this extrinsic evidence, continues to be vague about the extent of the land sold. Similar cases decided by this court are: *Thiel v. Jahns*,[8] *Stuesser v. Ebel*[9] and *Wiegand v. Gissal*.[10]

In *Thiel* a description on a conveyance of a "house at Little Chicago" was held inadequate since it did not sufficiently describe the land to be conveyed. The house was enclosed by a fence but there was also additional adjacent land. In *Stuesser*, in the memorandum for the sale of property, the description "the real estate owned by the Sellers and located in the Town of Oak Grove, now known as the 'Dobie Inn' and used in the business of the Sellers," was considered and found indefinite; resort to parol evidence for the purpose of making that description more definite was refused. In *Wiegand*, resort was attempted "to an iron pipe and a line sighted

---

[6] *Stuesser v. Ebel, supra*, footnote 2, at page 594; *Thiel v. Jahns* (1947), 252 Wis. 27, 30, 31, 30 N. W. 2d 189.

[7] *Id.*

[8] *Supra*, footnote 6.

[9] *Supra*, footnote 2.

[10] *Supra*, footnote 3.

with a gate marker" by a tenant who claimed that the purchase contract was thus made definite. The court again declined the use of this parol evidence because the language itself in the contract did not furnish some foundation, link, or key to the oral or extrinsic testimony which identified the property.

In *Wisconsin Central Ry. v. Schug*,[11] we said:

". . . A land contract which does not specifically describe the land to be conveyed, but refers to it in such terms that by the aid of the facts and circumstances surrounding the parties at the time the court can with reasonable certainty determine the land which is to be conveyed, satisfies the statute of frauds in this regard and may be enforced. *Messer v. Oestreich*, 52 Wis. 684, 10 N. W. 6; *Docter v. Hellberg*, 65 Wis. 415, 27 N. W. 176; *Inglis v. Fohey*, 136 Wis. 28, 116 N. W. 857."

We affirmed in *Kuester v. Rowlands*.[12] In *Schug* and *Kuester* the facts and circumstances surrounding the parties at the time went to the question of identifying the real estate to be conveyed and did not seek to supply information going to either the precise description of the property or the intent of the parties to the transaction.

If the view contended for by the respondent were to be sustained and resort could be had in this case to extrinsic evidence either to more precisely describe the property to be conveyed or to spell out the intent of the parties, then the whole purpose of the statute of frauds would be undermined. The inquiry when this type of statute-of-frauds question is presented is into whether the document itself sufficiently describes the property and sets forth the intent of the parties. In the end the option contract here does not sufficiently show the extent of the land conveyed and for that reason must be held null and void.[13]

---

[11] *Supra*, footnote 4, at page 565.

[12] *Supra*, footnote 4.

[13] *Wiegand v. Gissal, supra*, footnote 3, at page 493.

Because the option contract is ruled a nullity we do not reach further questions presented as to the existence of undue influence by Wadsworth.

*By the Court.*—Judgment reversed and cause remanded for dismissal of the complaint.