ZAPUCHLAK, and others, Respondents, v. Maria HUCAL, Appellant: Petro HUCAL, and others, Defendants.

*No. 75–638. Submitted on briefs December 1, 1977.—
Decided February 7, 1978.*
(Also reported in 262 N.W.2d 514.)

186

188

190

For the appellant the cause was submitted on the briefs of *Isaken, Werner, Lathrop & Heaney* of Madison.

For the respondents the cause was submitted on the brief of *Robert Dewa* and *Roy G. Tulane* of Madison.

HANLEY, J.  Three issues are presented on this appeal:

1.  Is the land contract void for failure to satisfy the statute of frauds?

2.  Did the trial court err in adopting the legal description suggested by the vendees?

3.  Did the trial court err in denying the vendors' motion to review the judgment?

*Statute of Frauds and Legal Description*

The question of whether the description of the excluded property covered by the land contract satisfied the statute of frauds arises in this case because of the

relief sought. Here, by amended complaint, the vendees sought the specific performance of the land contract insofar as it required the vendors to give them an abstract and warranty deed to the land conveyed.

When a statute of frauds question arises, as here, several years after the agreement in question was made, the statute in effect at the time of the agreement controls. *Trimble v. Wisconsin Builders, Inc.*, 72 Wis.2d 435, 439, 241 N.W.2d 409 (1976). The statute in effect at the time of this agreement was sec. 240.08, Stats. (1961), which provided:

"Contract for lease or sale to be in writing. Every contract for the leasing for a longer period than one year or for the sale of any lands or any interest in lands shall be void unless the contract or some note or memorandum thereof, expressing the consideration, be in writing and be subscribed by the party by whom the lease or sale is to be made or by his lawfully authorized agent."

This section was repealed by 1969 Wis. Laws, ch. 285, which also created the current statute, sec. 706.02, Stats., and codified much of the decisional law which had developed under the old statute. Under sec. 240.08, Stats., this court has uniformly held that the memorandum or contract must describe with reasonable certainty the property to which it relates. *Wiegand v. Gissal*, 28 Wis. 2d 488, 492, 137 N.W.2d 412 (1965). Failure to comply with the statute renders the contract void. *Struesser v. Ebel*, 19 Wis.2d 591, 593, 120 N.W.2d 679 (1963). The question in such a case is not what reasonable men intended to convey, or what the parties know; rather, the question is what the parties to the contract in fact described in their contract or memorandum. *Wiegand v. Gissal, supra* at 493; *Struesser v. Ebel, supra* at 596. Thus, the general and long standing rule in Wisconsin

is that in order to satisfy the statute of frauds, the property referred to in the memorandum must be described to a reasonable certainty. *Rollie Winter Agency v. First Central Mortgage, Inc.*, 75 Wis.2d 4, 8, 248 N.W.2d 487 (1977); *Trimble v. Wisconsin Builders, Inc.*, 72 Wis.2d 435, 447, 241 N.W.2d 409 (1976); *Wadsworth v. Moe*, 53 Wis.2d 620, 623, 193 N.W.2d 645 (1972). These criteria are used in determining the sufficiency of the memorandum even when parol evidence is admitted to aid in identifying the property described. *Thiel v. Johns*, 252 Wis. 27, 30 N.W.2d 189 (1947).

The question of whether the description contained in the memorandum, together with properly admitted parol evidence, fulfills these criteria is a mixed question of law and fact:

"The question of the application of a description to its proper subject matter is for the jury, who may have the aid of all competent extrinsic evidence. The question of the identity of the location is always one of fact for the jury. The construction of the terms used in a deed, aside from extraneous evidence, is for the court. It is, however, the province of the jury to determine the boundaries in controversy from all the evidence, including the description in the deed." 6 Thompson, *Real Property* §3027 at 479 (Replacement, 1962).

Therefore, the trial court's factual determination that the plaintiff's survey identified to a reasonable certainty the land described in the memorandum will not be reversed on review unless it is against the great weight and clear preponderance of the evidence. *See e.g., Paterson v. Paterson*, 73 Wis.2d 150, 154, 242 N.W.2d 907 (1976); *First National Bank of Kenosha v. Scalzo*, 70 Wis.2d 691, 700, 235 N.W.2d 472.

In the instant case, the following surveyor's drawing illustrates the various interpretations of the exemption description by the parties:

Figure 2

The bold, double line represents the boundaries of the principal parcel which fronts Highway 12 to the west. During the trial, there was no dispute concerning the boundaries of this parcel (hereinafter parcel A) and the trial court concluded that the drawing accurately depicted its metes and bounds description in the contract.

The dispute at trial, of course, involved the description of the exemption (hereinafter parcel B): "Except that portion lying South from cottages commonly known as cottage #2 and cottage #4, the excluded area being about 120 feet by 460 feet; excluded in this conveyance

are cottages commonly known as cottage #1, cottage #3, and cottage H–F H–R."

The trial court adopted the vendee's surveyor's drawing as depicting the boundaries of parcel B as described in the agreement. (Shown in Figure 2 by the alternating long and short dash line). This conclusion was based on the court's belief that the drawing established the boundaries of parcel B in a manner which closely approximated the written description. The surveyor who prepared this drawing, John Hamel, testified that the boundary locations were established in a manner which attempted to fulfill the dictates of the description as closely as possible. Cabins 1 and 2 were not in existence when Hamel's survey was made. However, based upon the description's indication that the exempted portion was "about 120 feet by 460 feet," Hamel concluded that a rectangular exemption was contemplated and that the northern boundary of parcel B was to be parallel to the southern boundary of parcel A.

The eastern boundary of Hamel's survey of parcel B was established by a reading of the whole description. In the contract's description of parcel A, the southern boundary is not perfectly straight. Proceeding from east to west, the line runs "true west" for 334 feet. There it changes direction slightly to the north (north 88 degrees, 8 minutes west) and intersects the centerline of Highway 12 and 13. The length of this latter portion of the southern boundary is stated as 460.75 feet which, in fact, was about 90 feet short of the highway's centerline. In accordance with standard surveying practice, the line was extended to the center of the highway. Nevertheless, because the description of the exempt parcel B also referred to 460 feet, Hamel concluded that the eastern boundary of parcel B was meant to intersect the point at which the southern boundary of parcel A deviated to the north and was so drawn in figure 2.

The appellants criticize the trial court's acceptance of Hamel's survey of parcel B on two grounds. First, they argue that the position of the northern boundary of parcel B was arbitrary and speculative. In support of this argument, the appellant cites Hamel's admission that the line was run through a point two feet south of cottage 4 because, as Hamel stated, "someone could walk around" that cabin within that space. The actual distance between cabins 3 and 4 is not indicated in the record but it clearly appears that Hamel sought to position the northern boundary of parcel B in such a way as would approximate the directions of the written description—about 120 feet, and south of cabin 4—as closely as possible. Thus, the position of this line is not wholly arbitrary and without reference to the writing.

Second, the appellant criticizes the trial court's adoption of the Hamel survey because it was not made with reference to two other monuments cited in the exempting description: cabins one and three. These cabins did not exist when Hamel took his survey. Because of this, and because his interpretation of the description as calling for a roughly rectangular exemption, Hamel drew his survey so that the northern boundary of parcel B would parallel its southern boundary.

The location of monuments will generally control over conflicting courses and distances when a description contains both. F. Clark, *Law of Surveying and Boundaries*, sec. 480 at 472 (3rd ed. 1959); Thompson, *Real Property*, §3044 at 571–75 (1962), citing *Fehrman v. Bissel Lumber Co.*, 188 Wis. 82, 88–89, 204 N.W. 582, 205 N.W.2d 905 (1925) and other cases as local authority for the rule. However, this is a rule of construction and not of law, and will not be applied if the location of the monuments is in doubt or if the location of the monuments is not proven. *Fehrman v. Bissel, supra* at 89; 6

Thompson, *Real Property*, §3044 at 580–82 (1962). In the instant case, the appellant did not prove the location of cabins one and two.

We are convinced that the description of the land conveyed by this instrument is not insufficient under the statute of frauds. The surveyor's map submitted by the vendees was competent extrinsic evidence which aided the written description in identifying with reasonable certainty the land to be conveyed. Moreover, the trial court's determination that the vendee's survey identified the disputed boundaries of parcel B is not against the great weight and clear preponderance of the evidence and thus its adoption of a legal description based upon this survey may not be reversed on this appeal.

*Motion to Review Judgment*

The appellant brought a motion to review after the trial court granted judgment for specific performance in favor of the vendees. The grounds for this motion were alleged as follows: (a) that the appellant's trial counsel, James H. Hill, Jr., was unable to adequately conduct the trial due to illness; (b) that the appellant was prejudiced by the trial court's decision to proceed to trial on the amended complaint; (c) that the vendees failed to file an appropriate *lis pendens;* (d) that the description contained in the land contract was void under the statute of frauds; (e) that the judgment requires the vendors to give vendees a warranty deed to lands to which they do not have title; and (f) the description of the land contained in the judgment is contrary to the intent of the parties.

The function of the motion to review judgment in this case is set forth in sec. 269.46(1) and (3), Stats. (1973):

"269.46 Relief from judgments, orders and stipulations; review of judgments and orders. (1) The court may, upon notice and just terms, at any time within one year after notice thereof, relieve a party from a judgment, order, stipulation or other proceeding against him obtained, through his mistake, inadvertence, surprise or excusable neglect and may supply an omission in any proceeding. In addition to the required affidavits, all motions to vacate a judgment entered upon default or cognovit and to obtain a trial upon the merits shall be accompanied by a proposed verified answer disclosing a defense.

" . . .

"(3) All judgments and court orders may be reviewed by the court at any time within 60 days from service of notice of entry thereof, but not later than 60 days after the end of the term of entry thereof."

The appellant failed to indicate on her motion under which of the two subsections she was seeking this relief. Nevertheless, the principle governing the granting or denying of the motion are the same: the motion is addressed to the discretion of the trial court and, on appeal, this court will reverse the trial court's determination only if there has been a clear abuse of discretion. *Compare Buchen v. Wisconsin Tobacco Co., Inc.,* 59 Wis.2d 461, 465, 208 N.W.2d 373 (1973) (sec. 269.46(1), Stats.) *with Amdzich v. Charter Oak Fire Insurance Co.,* 44 Wis.2d 45, 54–55, 170 N.W.2d 813 (1969) (sec. 269.46(3), Stats.).

The trial court found the appellant's first ground for the motion—illness of trial counsel—without merit. In view of the record, this determination was not an abuse of discretion. Appellant's trial counsel, Hill, submitted an affidavit stating that during the first day of trial he suffered a "cerebral accident" which caused him to become confused and ill. On this day, Hill did seek an adjournment of the trial, but only for the reason that

he needed more time to prepare his defense to the amended complaint. At no time did counsel mention his alleged physical disability.

The trial court similarly rejected the appellant's second grounds for the motion: prejudice resulting from the vendee's amendment to the complaint. Again, from the record, the trial court's decision did not constitute an abuse of discretion. The trial court's written decision on the motion indicates that most of the parties to this action resided in Chicago, and that they desired that the trial of the action be held during the summer of 1975. The trial had originally been scheduled for July 11, 1975, but was cancelled and rescheduled for August 19.

The vendors had been served with the amended summons and complaint on June 26, 1975. Although the relief requested in the amended complaint differed from that requested in the original, the essential issue sought to be resolved did not: the boundaries of the land to which the vendees, under rights arising from the land contract, were entitled. The record shows that the appellant's trial counsel objected to proceeding to trial because an essential witness to the defense was not available, not because he was unprepared to protect his client's interest while the plaintiffs put in their case. A second day of trial to accommodate this witness was scheduled at which time the witness did testify. Therefore, under these circumstances, it does not indicate that the trial court abused its discretion in denying the appellant's motion to review judgment solely on these grounds.

The trial court's denial of the appellant's motion on the grounds of the vendees' failure to file an amended *lis pendens* was not error. Appellant claims that the vendees were required to file an amended *lis pendens* because the description of the land contained in the original complaint differed from that contained in the

amended complaint. However, in *Hailey v. Zacharias,* 39 Wis.2d 536, 159 N.W.2d 667 (1968), this court stated that the purpose of the statute requiring the filing of a *lis pendens* when an action affecting real property is instituted is to give legal notice to persons not having knowledge of the proceedings. Sec. 810.10, Stats. Thus, this court concluded: *"Particularly as between the parties to the action,* failure to file a *lis pendens* is a minor irregularity, not a fatal flaw to the validity of the judgment entered." *Hailey v. Zacharias, supra* at 539 (emphasis supplied). Under this rule, the trial court's denial of appellant's motion on this ground is not an abuse of discretion.

The appellant's final two grounds for the motion—that the contract description failed the statute of frauds and that the description contained in the judgment did not properly reflect the description in the land contract —were properly denied by the trial court. The plaintiff's survey identified to a reasonable certainty the land described in the memorandum.

In the instant case the motion is denominated as a motion to review judgment, but the relief sought is a vacation of the judgment with leave to introduce new evidence or, in the alternative, a new trial. Thus, appellant's motion is in the nature of a motion for a new trial under sec. 270.49, Stats. (1973) (renumbered sec. 805.15, Stats. (1975)). A new trial on the grounds of newly discovered evidence must be based upon a showing that the new evidence was discovered after trial, that the movant party was not negligent in seeking the evidence, that the evidence is material and not cumulative, and that it is probable that a new result would be reached. *Naden v. Johnson,* 61 Wis.2d 375, 384, 212 N.W.2d 585 (1973). Here, there is no allegation relating to the absence of negligence.

We conclude that the evidence adduced at trial, particularly the extrinsic evidence which established by a surveyor's drawing the extent and location of parcel B, was sufficient to satisfy the statute of frauds so as to permit specific performance of this land contract.

With respect to appellant's contention that the motion to review should have been granted on the ground of the lack of proper pretrial procedure and illness of former counsel, we conclude that the trial court, under the facts of this case, correctly denied the motion.

*By the Court.*—Judgment and order affirmed.

CALLOW, J., took no part.