ASPLUND, Appellant, v. FISHER and wife, Respondents.*

*March 4—April 2, 1963.*

---

* Motion for rehearing denied, without costs, on June 4, 1963.

For the appellant there was a brief by *Raymond J. McCue* and *Cleland P. Fisher,* both of Janesville, and oral argument by *Mr. Fisher.*

For the respondents there was a brief by *Fett, Murphy & Rude* of Janesville, and oral argument by *Patrick J. Rude.*

FAIRCHILD, J. 1. *The passbook is too uncertain to be a memorandum complying with the statute of frauds.* Sec. 240.08, Stats., provides:

"Every contract for the leasing for a longer period than one year or for the sale of any lands or any interest in lands shall be void unless the contract or some note or memorandum thereof, expressing the consideration, be in writing and be subscribed by the party by whom the lease or sale is to be made or by his lawfully authorized agent."

Plaintiff does not assert that the land contract, with its insertions, inside the passbook, supports his claim. The terms on which he relies, the 13 lots in block 11 at $100 per lot, appear on the cover. These notations may, however, be considered together with the form of contract inside in order to measure compliance with the foregoing statute.

"The written contract or memorandum required by such a statute need not consist of one writing alone, but may be made up of several. It is not necessary that all the writings constituting the memorandum be signed. It is enough if one is signed and the others, (1) are physically annexed to it, (2) are expressly referred to, or (3) show on their face that they refer to the same transaction." [1]

The contract, note, or memorandum must contain the essential elements of the agreement.

". . . it will satisfy the statute of frauds if it contains all the essential terms of the contract, either by its terms or by reference to other writings, so that it will not be necessary to resort to parol evidence to explain it. It must be definite in respect to the intention of the parties, who they are, their relation one to the other, who is the seller, who the buyer, the property, the price, and the terms of payment." [2]

The passbook and land contract are fatally inconsistent and uncertain. The references to "$100 a lot" and "$900 for bal. of block" on the cover cannot be reconciled with each other nor with the promise to pay "for said lots the sum of $400," "said lots" being "balance Blk No. 11."

The circuit court properly decided that plaintiff could not succeed on the basis of the passbook as a written contract or note or memorandum thereof.

*2. No oral contract partially performed.* Plaintiff does not seem to claim that he has established an oral contract, enforceable by reason of part performance. The circuit court may have considered this possibility, for it found as a fact that the various land sales were individual transactions.

It is a reasonable inference from the various deeds and the payments which defendants admitted receiving that lots were

---

[1] *Kelly v. Sullivan* (1947), 252 Wis. 52, 57, 30 N. W. (2d) 209.
[2] *Harney v. Burhans* (1895), 91 Wis. 348, 351, 64 N. W. 1031. See also *Springer v. Chafee* (1958), 5 Wis. (2d) 472, 479, 93 N. W. (2d) 451.

sold at three prices, as follows: Two lots in block 16 at $100 each in 1946, two lots in block 16 at $100 each in 1948, two lots in block 16 at $125 each in 1951, two lots in block 11 at $200 each in June, 1954, two more at the same price in July and two more in August, five in December. It would appear that the parties may have had a loose understanding, but that the price was subject to change. A statement which plaintiff submitted in September, 1951, indicated that the price per lot was then $125. That statement indicated he considered he had already paid for lot 1, one of the two lots involved in this action, but a letter written August 11, 1954, indicated that he had not yet paid for lots 1 and 24, but expected to do so later.

It is true that a series of small payments made from 1946 to 1951, and totaling almost $400 are not accounted for unless they are reflected in the $400 credit given June 1, 1954, for which two lots were conveyed. The facts are not clear, and plaintiff had the burden of proof. The finding that these were individual transactions is not against the great weight and clear preponderance of the evidence.

*By the Court.*—Judgment affirmed.

WILKIE, J., took no part.