CARLOCK, Respondent, vs. JOHNSON, Appellant.

*December 7, 1916—January 16, 1917.*

*Vendor and purchaser of land: Validity of contract: Incomplete agreement: Statute of frauds: Ambiguity: Parol evidence.*

1. Where, in a writing stating the terms of a sale of land, the vendor agreed that in conveying title he would stipulate in the mortgage for the release of any given lot or lots "upon payment to me of such a sum as may be hereafter agreed upon by us as being equitable," an agreement as to the amounts to be paid for releases was a condition precedent to the completion of the contract and to its validity under the statute of frauds (sec.

2304, Stats.); and upon a failure of the parties to agree upon that matter the vendee was entitled to recover back the earnest money paid by him.

2. The admission of evidence of the circumstances characterizing the making of such writing and the subsequent treatment of it by the parties was not error; for, if the meaning of the language was not plainly as above stated, such evidence was admissible for the purpose of clearing up the obscurity.

APPEAL from a judgment of the superior court of Douglas county: CHARLES SMITH, Judge. *Affirmed.*

Action to recover for money had and received.

Plaintiff paid $250 to defendant on a paper which, so far as the same needs to be examined, was as follows:

"Received of *G. R. Carlock,* purchaser, this 6th day of March, A. D. 1915, the sum of two hundred fifty dollars ($250) as earnest money and in part payment for the purchase of the following described real property in the city of Superior, Douglas county, Wisconsin [describing twenty-four city lots], sold to said purchaser . . . for seven thousand nine hundred dollars, . . . payable as follows [specifying five yearly payments commencing April 6, 1915], with interest at the rate of six per cent. per annum."

Then follows an appropriate provision in respect to furnishing abstracts, report on the title, and time for curing discovered defects, the last feature providing for thirty days from written notice of the defects; then a provision to the effect that in case of the title being good, or subject to be made good within such time and the purchaser "does not accept said property and pay for the same as above agreed, earnest money will be forfeited," then this:

"It is further agreed that in conveying title to the purchaser, I will stipulate in the mortgage for the release of any given lot, or lots, upon payment to me of such a sum as may be hereinafter agreed upon by us as being equitable.

"It is also agreed that said sums paid to me as release shall be applied on the next succeeding payment falling due on this payment."

The paper was signed by defendant. Plaintiff claimed, in his complaint, that the agreement was not binding on him because (a) it left open for future negotiation and agreement the amounts which the purchaser would be required to pay for a release of each lot sold from the lien of the mortgage, (b) it did not mention the seller, (c) it did not set the time for giving the deed, and executing the mortgage, and it did not fix the amount of the mortgage. Because of such suggested infirmities, plaintiff claimed the right to recover back the $250. Defendant answered to the effect that, in due course, the title to the land was approved by plaintiff; but thereafter, though the former was at all times ready to carry out the agreement on his part, plaintiff refused to perform.

There was evidence that, preliminary to making the paper, the parties agreed that the amounts to be paid for release of lots should be thereafter agreed upon; that they endeavored to reach such agreement; that defendant submitted a proposition in respect to the matter in writing and offered to have the deed and mortgage prepared in accordance therewith in case of acceptance; that plaintiff declined to accede thereto and suggested that the trade be declared off because of failure to agree in respect to the matter, and that nothing further was done.

A verdict was directed in favor of plaintiff.

For the appellant there was a brief by *Luse, Powell & Luse* of Superior, and oral argument by *L. K. Luse* and *C. Z. Luse*.

For the respondent the cause was submitted on the brief of *Dietrich & Dietrich* of Superior.

MARSHALL, J. It is conceded that unless the contract was sufficient to satisfy the statute of frauds, it was not binding on respondent and the judgment is right. In that case performance could not have been judicially enforced, nor damages be recovered for a breach.

Counsel for appellant seem to further concede that the clause relating to a future agreement as to the amount to be paid for releases was a material part of the contract, but contend that the agreement contemplated that such clause should be embodied in the mortgage and the amount for releases be agreed upon from time to time as lots were sold and that, in case of inability to then agree, the matter would be a proper subject for judicial interference.

We cannot agree that the parties contemplated leäving the determination to be made for the releases of lots to wait upon sales. We do not see any ambiguity in the language "I will stipulate in the mortgage for the release of any given lot, or lots, upon payment to me of such a sum as may be hereinafter agreed upon by us as being equitable." It is conceded that the word "hereinafter" was inadvertently used for "hereafter." That points quite unmistakably, in view of the context, it is thought, to the interval between the making of the paper and the closing up of the deal. If the idea had been that the agreement should abide the time of sales, the word "then" or some similar word would have been used indicating such idea instead of "hereafter."

That the parties to the paper understood it as indicated is evident from their having endeavored to agree upon the terms of the stipulation before the time for closing up the deal. Had they thought otherwise, there would have been an offer to embody in the mortgage a provision accordingly. Nothing of that kind seems to have occurred. Appellant submitted a proposition in regard to the amount to be paid for leases and offered to have the papers prepared for the conveyance and mortgage, upon respondent notifying him of his consent thereto.

Thus it seems clear that the minds of the parties never met upon the particular matter which was a vital element in the contract. When respondent proposed to call the trade off because of the failure to settle upon the terms of the stipula-

tion, it does not appear that any complaint was made that the time had not arrived requiring such settlement. Appellant, by his conduct, seems to have acquiesced from the first in the view that the agreement as to the amounts to be paid for releases was a condition precedent to a completion of the contract.

Some complaint is made because the court permitted evidence of the circumstances characterizing the making of the contract and the treatment of it thereafter. That evidence was proper. While evidence is inadmissible to contradict or vary the terms of a written contract, in case of ambiguity therein the circumstances of its making and the construction put upon it by the parties by their acts may be shown for the purpose of clearing up the obscurity. There was a dispute here as to the meaning of the language used by the parties. So, at the best the matter can be considered for appellant, there is some obscurity though we are inclined to the view that it is pretty plain. If there be obscurity, the evidence was proper. If there be not, the evidence was not prejudicial. *Klueter v. Joseph Schlitz B. Co.* 143 Wis. 347, 128 N. W. 43.

It does not seem that *Joy v. St. Louis,* 138 U. S. 1, 11 Sup. Ct. 243, applies here. The court there dealt with an agreement that third parties should have certain privileges "upon such terms and for such fair and equitable compensation . . . as may be agreed upon by such companies." A subsequent agreement by such companies, after completion of the contract and as occasion might arise therefor, was plainly contemplated. Not so here. It seems that the case is quite distinguishable from this one.

The result is that a material part of the contract in question was never fully agreed upon. It was a matter which the parties themselves were to settle as a condition precedent to a complete transaction relating to the sale of the land, and, therefore, it was not binding on respondent under the

logic of *Cameron v. Austin,* 65 Wis. 652, 27 N. W. 622;
*Harney v. Burhans,* 91 Wis. 348, 64 N. W. 1031; *Buck v.
Pond,* 126 Wis. 382, 105 N. W. 909.

*By the Court.*—The judgment is affirmed.