MANN and wife, Respondents, vs. BECKER, Appellant.

*February 10—March 9, 1920.*

*Vendor and purchaser: Receipt for part payment as contract of sale: Statute of frauds: Failure · to describe property sold: Negotiations on Sunday: Misrepresentations inducing contract completed on secular day: Liability.*

1. A receipt for a payment of $20 as security to apply on the purchase price of a house, stating the price and signed by the seller, who appended his own street number, which was not the number of the house sold, was not a contract, and; even if it constituted a contract, was void under the statute of frauds (sec. 2304, Stats.) as failing to describe the property sold.

2. Where negotiations for a contract are made on Sunday, and on a subsequent secular day an act is done by the parties which completes the void Sunday contract, the Sunday negotiations are deemed reaffirmed on such subsequent secular day, and thus form the basis of either validating the void Sunday contract or of showing liability for a tort which induced the execution of the new or completed contract on the secular day.

APPEAL from a judgment of the circuit court for Milwaukee county: EDGAR V. WERNER, Judge. *Affirmed.*

Action to recover damages sustained by reason of false and fraudulent representations made by the defendant as to the quality of lumber and workmanship in a duplex flat purchased from him for $6,000. Plaintiffs' claims are: (1) defendant represented that no old lumber was used in the flat, whereas the fact was that more than 7,000 feet of old lumber were used; (2) defendant represented that the flat was built in a workmanlike manner, whereas the fact was that it was not, but was built in a defective manner. A jury was waived and the action was tried by the court, with the result that it found for the plaintiffs as to both claims and assessed their damages at $800. From a judgment entered accordingly the defendant appealed.

*Paul. D. Carpenter* of Milwaukee, for the appellant.

For the respondents there was a brief by *Schoetz, Williams & Anderson* of Milwaukee, and oral argument by

*Orlaf Anderson.* To the point that the plaintiffs can recover even though the representations inducing the contract were made on Sunday, they cited: *Blakesley v. Johnson,* 13 Wis. 530, 534; *Sutton v. Wauwatosa,* 29 Wis. 21, 26; *Melchoir v. McCarty,* 31 Wis. 252, 256; *McArthur v. Green Bay & M. C. Co.* 34 Wis. 139, 150; *De Forth v. W. & M. R. Co.* 52 Wis. 320, 325, 9 N. W. 17; *Taylor v. Young,* 61 Wis. 314, 323, 21 N. W. 408; *Schmidt v. Thomas,* 75 Wis. 529, 530, 44 N. W. 771; *Hopkins v. Stefan,* 77 Wis. 45, 45 N. W. 676; *Williams v. Lane,* 87 Wis. 152, 158, 58 N. W. 77; *Gabbert v. Hackett,* 135 Wis. 86, 91–93, 115 N. W. 345; *King v. Graef,* 136 Wis. 548, 117 N. W. 1058; *Gerretson v. Rambler G. Co.* 149 Wis. 528, 532, 136 N. W. 186; *Webster M. Co. v. Montreal River L. Co.* 159 Wis. 456, 459, 150 N. W. 409; *Zielica v. Worzalla,* 162 Wis. 603, 607, 156 N. W. 623.

VINJE, J. The printed case contains over 200 pages of evidence, mostly in the form of question and answer instead of in the narrative form as required by the practice of this court. It is conceded that appellant's attorney has at least a partial excuse for not complying with the requirements of the court in this instance, and is therefore not subject to the criticism he otherwise would be. But the court deems it best to allude to the matter to the end that there may be fewer infractions of the rule in future.

We have carefully examined the evidence both as to the amount of old lumber used in the construction of the flat and as to the defective workmanship therein and are satisfied that it sustains the findings of the trial judge. Indeed, there is evidence to sustain an assessment of damages in excess of that found by the court. It follows that the amount found is fair and just to defendant and cannot be set aside by this court as excessive.

It is admitted that oral negotiations resulting in a sale took place on Sunday, April 25, 1915, and on that day this

Mann v. Becker, 171 Wis. 121.

receipt, dated the next day, was given: "Milwaukee, Wis., April 26, 1915. Received of *Peter Mann* twenty dollars ($20) as security to apply on purchase price. Price of flat is six thousand dollars ($6,000). *Robert J. Becker, 2214 Keefe Ave.*" Number 2214 Keefe avenue was the residence of *Mr. Becker* and was not the number of the flat building sold. The understanding was that it was a cash deal, but plaintiffs were not able to raise the cash and afterwards and on May 12, 1915, a land contract was entered into between the parties providing for future payments, which were made and carried out, and a deed was executed and delivered July 14th of the same year.

The trial court properly held that the receipt did not constitute a contract and that if it did it was void under the statute of frauds (sec. 2304, Stats. 1917) and under the rule stated in *Harney v. Burhans,* 91 Wis. 348, 64 N. W. 1031, and in *Carlock v. Johnson,* 165 Wis. 49, 160 N. W. 1053, and cases there cited, because it failed to describe the property sold.

The completed valid contract entered into by the parties was that of May 12th, which was induced by the fraudulent representations made on Sunday, April 25th. Where negotiations for a contract are made on Sunday, and on a subsequent secular day an act is done by the parties which completes the void Sunday contract, the Sunday negotiations are deemed reaffirmed on such subsequent secular day, and thus form the basis of either validating the void Sunday contract or of showing liability for a tort which induced the execution of the new or completed contract on the secular day. Liability may flow from a Sunday tort, otherwise the sanctity of the Sabbath would become a shield for fraud or wrong. For cases bearing upon this subject, see those cited by the respondents, set out in the report of the case.

*By the Court.*—Judgment affirmed.