In re Douglas Lee COUILLARD and
Deborah Mae Couillard,
Debtors.

Christopher M. Seelen, Trustee of the
Douglas Lee Couillard and Deborah
Mae Couillard Estate, Plaintiff,

v.

Douglas Lee Couillard, Deborah Mae
Couillard, and Bank of America,
N.A., Defendants.

Bankruptcy No. 12–11610–7.
Adversary No. 12–132.

United States Bankruptcy Court,
W.D. Wisconsin.

Dec. 6, 2012.

Christopher M. Seelen, Terri M. Smith, Ruder Ware, L.L.S.C., Eau Claire, WI, for Plaintiff.

J. Bushnell Nielsen, L. Katie Mason, Reinhart Boerner Van Deuren s.c., Milwaukee, WI, for Bank of America, N.A.

## DECISION

THOMAS S. UTSCHIG, Bankruptcy Judge.

On November 9, 2012, the Court entered an order denying the motion for summary judgment filed by Bank of America, N.A. The bank has filed a motion for reconsideration.[1] Fed. R. Bankr.P. 9024 incorporates Fed.R.Civ.P. 60(b) and permits a party to request relief from a final judgment, order, or proceeding due to "mistake" or "any other reason that justifies relief." Fed. R. Bankr.P. 7054(a) directs that Fed.R.Civ.P. 54(b) is applicable in adversary proceedings. That rule indicates that a decision which "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of a judgment adjudicating all the claims."

■ While the bank submitted its motion in the alternative, the November 9 order is properly regarded as interlocutory in nature and thus subject to reconsideration under Rule 54(b). As the bank notes, the standard for review of the motion is what "justice requires." A motion to reconsider is not a place to revisit or recast prior argument, but to identify something new. Reconsideration is appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." See Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir.1990).

■ The bank submits that reconsideration is appropriate because the Court's decision "radically misinterprets" Wisconsin law concerning land rights. This would appear to be an inappropriate basis for reconsideration, insofar as it suggests that the Court's reasoning was in error. Indeed, other than a scholarly recitation of the history of Wisconsin's grantor-grantee index, much of the bank's brief is simply a restatement of its prior arguments regarding the recording of interests in land and a reflection of its disagreement with the Court's legal conclusions.[2]

---

1. The Court conducted a hearing on the bank's motion on November 5, 2012. During the hearing, the chapter 7 trustee orally moved for summary judgment. In the Court's November 9 order, the bank was directed to respond to the oral motion, which it did as part of its brief in support of its request for reconsideration.

2. Motions to reconsider serve a limited purpose and should be granted only if there is "newly discovered evidence or a manifest error of law." Burney v. Thorn Americas, Inc., 970 F.Supp. 668, 671 (E.D.Wis.1997) (citing Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1269 (7th Cir.1996)). A "manifest error" is not demonstrated by the disappointment of the losing party. It is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir.2000) (citing Sedrak v. Callahan, 987 F.Supp. 1063, 1069 (N.D.Ill.1997)). Appeal, not reconsideration, is the time to deal

Put simply, the Court did not misunderstand the parties, their arguments, or the issues before it. The chapter 7 trustee filed this adversary proceeding to avoid the bank's mortgage. The trustee's complaint alleged that the original mortgage did not contain the legal descriptions of two parcels of land and the subsequent affidavit of correction which purported to add those parcels to the mortgage was not signed by the debtors (as grantors) in conformity with Wisconsin law. The trustee's contention was that the documents did not provide constructive notice of the bank's interest in the parcels and that by exercising the rights of a subsequent purchaser for value under state law, he could avoid the mortgage for the benefit of the bankruptcy estate under 11 U.S.C. § 544(a)(3).

The bank's motion for summary judgment had three components. First, the bank argued that the original mortgage was valid against subsequent purchasers because it satisfied the Wisconsin statute of frauds and identified the property with "reasonable certainty." Next, the bank argued that the affidavit of correction provided subsequent purchasers with constructive notice of its mortgage. And finally, the bank argued that it was entitled to an equitable lien (or equitable subrogation). The Court ruled against the bank on these points. The bank's brief in support of its motion for reconsideration makes sweeping statements about the possible negative implications of the Court's ruling, but ultimately returns to the same essential contentions.

The bank has styled its brief as supporting its reconsideration request *and* as a response to the trustee's oral motion.[3] In this context, the Court adopts the findings and conclusions from the prior decision and will address certain points raised by the bank. The Court will not revisit each issue *in toto*, but will restrict this ruling to a few additional observations. Taken together, these decisions shall constitute the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr.P. 7052.

First, the Court did not intend to modify (radically or otherwise) the settled law of Wisconsin. The Court sought to apply that law to the facts of this particular case. Admittedly, the prior decision indicates that the mortgage's appearance in the grantor-grantee index was ultimately "irrelevant," a characterization that the bank

---

with the majority of legal errors; therefore, a party may not reargue what the court has already rejected. *Burney*, 970 F.Supp. at 671. This Court previously rejected the bank's legal arguments, and the reconsideration request merely reiterates those contentions (albeit more emphatically) without identifying something new.

3. The prior decision directed the bank to respond to the trustee's request for summary judgment "and indicate what material facts it believes remain in dispute." *See* the November 9 decision at 23. The bank's response does not identify *any* disputed material facts, and the only reference to potential testimony is the suggestion that at trial the bank will "elicit testimony about the statute to amplify the record." *See* the bank's brief in support of reconsideration at 15. The statute in question is Wis. Stat. § 706.085, the recently codified provision relating to affidavits of correction. The legal issue before the Court is what the *statute* says, not what a prospective witness says about the statute. The statute is not ambiguous, and shall be construed in accordance with its terms. *See Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253–54, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992) ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there."); *County of Dane v. Labor & Indus. Review Comm'n*, 2009 WI 9, 315 Wis.2d 293, 310, 759 N.W.2d 571 (2009) (only if a statute is ambiguous should a court consult extrinsic sources, such as legislative history, to reach an interpretive conclusion).

interprets as a broad repudiation of *any* notice which might be imparted by the grantor-grantee index. The relevance at issue, however, involved the specifics of *this* case and nothing more.

■ The grantor-grantee index is not *legally* irrelevant, and it imparts notice of what it contains. *See* Wis. Stat. § 706.09(4) (the chain of title includes all instruments discoverable by a search of "the public records affecting real estate in the offices of the register of deeds"). But when a document does not appear in the tract index because it fails to contain enough information to identify the tract in question as required by the recording statutes, the document's appearance in the grantor-grantee index cannot alter the outcome (i.e., the conclusion that a subsequent purchaser lacked constructive notice of the interest) because a search of that index would only reveal the defective document. *Kordecki v. Rizzo,* 106 Wis.2d 713, 317 N.W.2d 479, 482 (Wis.1982) (in determining rights under the recording statute, the question is "what the record shows").

■ In this case, the mortgage did not reference the two parcels by either legal description or parcel identification number, and as such would only provide constructive notice of an interest in the single parcel which was correctly referenced. Wis. Stat. § 706.08(1)(a) (a conveyance which is "not recorded as provided by law shall be void as against any subsequent purchaser"); § 706.09(1)(b) (a subsequent purchaser's interest is superior to one cre-

ated by a conveyance which does not provide a "definite reference" to the "real estate affected"). As the Court's prior decision notes, what the bank originally recorded was not sufficient to meet the recording requirements. *See* Wis. Stat. § 706.05(2). The mortgage's appearance in the grantor-grantee index was—and is—*factually* irrelevant because all it showed was the existence of a mortgage against the third portion of the property, not the two parcels in question.[4]

This leads to the bank's second area of commentary: namely, the suggestion that the Court's ruling improperly characterizes the adequacy of the description of land in a conveyance when applied to a subsequent purchaser. The bank contends that the original mortgage should be deemed to cover the other parcels because the conveyance identifies the land with "reasonable certainty." The bank argues that Wisconsin courts make "no dichotomy" between the statute of frauds and the recording laws when assessing the adequacy of a conveyance. The Court agrees that there is no dichotomy (i.e., a partition of a whole into two mutually exclusive parts) but rather a simple distinction.

■ The statute of frauds provides that a transaction involving real property is not "valid" unless it is evidenced by a written document which identifies the land. *See* Wis. Stat. § 706.02(1)(b). As such, a document which fails to satisfy the statute of frauds is void. *See Wadsworth v. Moe,* 53 Wis.2d 620, 193 N.W.2d 645 (1972); *Mann*

---

4. In theory, the grantor-grantee index should be able to reveal the presence of an instrument which accurately references the parties to the transaction. The question then becomes what that instrument reveals about the transaction itself. After all, the purpose of the recording statute is to render record title "authoritative" to protect subsequent purchasers. *Kordecki,* 317 N.W.2d at 482. The law contemplates that the subsequent pur-

chaser is "deserving of priority because it checked the record and was misled *at that moment in time* by the prior interest holder's failure to properly record its interest." *Bank of New Glarus v. Swartwood,* 297 Wis.2d 458, 725 N.W.2d 944, 954 (Wis.App.2006) (emphasis in original). Checking the grantor-grantee index here would have uncovered only a mortgage which did not list either of the two parcels.

*v. Becker*, 171 Wis. 121, 176 N.W. 765 (Wis.1920). "Void" means "of no legal effect; null." *See Black's Law Dictionary* 1604 (8th ed. 2004). It is the legal equivalent of a mathematical zero—an absolute nullity. *See Williams v. City of Lake Geneva*, 2002 WI App 95, 253 Wis.2d 618, 643 N.W.2d 864 (2002) (quoting *Black's Law Dictionary* 1568 (7th ed. 1999)) ("void can be properly applied only to those provisions that are of no effect whatsoever—those that are an absolute nullity").

■ Meanwhile, the recording statutes indicate that any conveyance which is not "recorded as provided by law" is void against a subsequent purchaser. *See* Wis. Stat. § 706.08(1)(a). As the bank acknowledges elsewhere it its brief in support of reconsideration, the statutory definition of a "conveyance" *presupposes* compliance with the statute of frauds. *See* Wis. Stat. § 706.01(4) ("conveyance" means a written instrument "that satisfies the requirements of s. 706.02").[5] By the plain language of the recording statutes, a conveyance (which by definition must already identify the land with reasonable certainty within the meaning of the statute of frauds) may still be rendered void against a subsequent purchaser if it fails to meet the recording requirements.

The bank's argument essentially posits that the only time a recorded instrument can be deemed to be void against a subsequent purchaser is if it fails to identify the land with sufficient certainty under the statute of frauds—i.e., when it is *already* void. This results in an obvious statutory redundancy—after all, why would the legislature feel it necessary to provide that a void document is also void against a subsequent purchaser if it is not recorded as provided by law? Any number multiplied by zero is still zero, and a document which fails the statute of frauds is void for all purposes, *including* against subsequent purchasers (and regardless of its recordation). *Bratt v. Peterson*, 31 Wis.2d 447, 143 N.W.2d 538, 540 (Wis.1966) ("It is settled that if a contract that must comply with the statute of frauds does not comply, it is void, and a nullity."); *Madigan v. Walsh*, 22 Wis. 501 (Wis.1868) (an agreement that does not satisfy the statute of frauds is "not merely voidable, but void").[6]

The bank suggests that there is no "other" law by which the "adequacy of a conveyance" may be measured. As indicated in the Court's prior decision, the Wisconsin

---

5. It is perhaps worth noting that § 706.02 applies to "transactions" and requires a "conveyance" for validity.

6. In this context, the Court finds no reason to belabor distinctions between instruments which are "void" and those which are merely "voidable." *See Production Credit Ass'n of Madison v. Kehl*, 148 Wis.2d 225, 434 N.W.2d 816, 818 (Wis.Ct.App.1988). Wisconsin courts have recognized the notion that a transaction which is void as a *matter of law* under the statute of frauds may, in certain circumstances, still be enforced under equitable principles. *U.S. Oil Co., Inc. v. Midwest Auto Care Services, Inc.*, 150 Wis.2d 80, 440 N.W.2d 825, 828–29 (Wis.Ct.App.1989) ("Equity will interfere to give one immunity from the consequences of the statute of frauds when the failure to interfere would be a fraud on the other party to the transaction."). This does not alter the reality that an instrument which fails to identify the property with "reasonable certainty" is already void as a matter of law without ever considering another party's status as a bona fide subsequent purchaser under Wisconsin law. The legislature clearly anticipated that compliance with the recording requirements (rather than the statute of frauds) would serve as a way to protect subsequent purchasers from interests which were otherwise inadequately disclosed. *Kordecki*, 317 N.W.2d at 482 ("The recording statute is designed ... to protect purchasers who rely on the record and purchase in good faith and for value over those who have not recorded their interest in the real estate thereby possibly misleading others.").

statutes regarding conveyances, recording, and title contain two sets of formal requisites. The first are the requisites for a "transaction" in real estate to rise to the level of a valid "conveyance." Those requisites are found in § 706.02, the statute of frauds. The second set of requisites are found in § 706.05, and they are the formal requirements to *record* an instrument (or "conveyance"). Under Wis. Stat. § 706.05(2)(c), an instrument "offered for record" must:

> Identify, to the extent that the nature of the instrument permits, and *in form and terms which permit ready entry upon the various books and indexes publicly maintained as land records of such county,* the land to which such instrument relates and the parties or other persons whose interests in such land are affected (emphasis added).

In addition, Wis. Stat. § 706.05(2m) provides that any document "submitted for recording or filing" that is to be indexed in the real estate records "shall contain the full legal description of the property to which it relates."

 If it were true that the recording requirements relating to identification of the property were satisfied by the requisites of the statute of frauds, none of these provisions would be necessary. Contrary to the bank's arguments, however, the recording requirements not only exist, but they are separate and distinct from the provisions of § 706.02. The question, then, is what happens when an instrument fails to meet those requirements.

In *In re Carley Capital Group,* 117 B.R. 951, 957 (Bankr.W.D.Wis.1990), the court found that the trustee could act as a subsequent purchaser under state law to invalidate a mortgage which lacked a "definite reference identifying the nature and the scope" of the transactions involved, most notably any reference to certain cross-col-

lateral agreements. The lender in that case also argued that a subsequent purchaser would have had sufficient notice of its interest. In rejecting the lender's argument, the court cited both Wis. Stat. § 706.09 and the law regarding constructive notice. *Id.* at 956–57.

 As noted in the Court's earlier decision, Wis. Stat. § 706.09(1)(b) provides that a subsequent purchaser's interest is *superior* to an interest created by:

> Any conveyance, transaction or event not appearing of record in the chain of title to the real estate affected, unless such conveyance, transaction or event is identified by definite reference in an instrument of record in such chain. *No reference shall be definite which fails to specify, by direct reference to a particular place in the public land record, or, by positive statement,* the nature and scope of the prior outstanding interest created or affected by such conveyance, transaction or event, the identity of the original or subsequent owner or holder of such interest, *the real estate affected,* and the approximate date of such conveyance (emphasis added).

Subsequent purchasers are deemed to have notice of what is contained in the register of deeds' records and other public records, as well as interests which arise from the actual "use or occupancy" of the real estate. Wis. Stat. § 706.09(2); *Bump v. Dahl,* 26 Wis.2d 607, 133 N.W.2d 295, 299 (Wis.1965). For a recorded instrument (such as a mortgage) to provide notice to a subsequent purchaser, it must conform "to the requirements of definiteness of sub (1)(b)." *Carley Capital Group,* 117 B.R. at 956 (citing Wis. Stat. § 706.09(2)(b)).

In *Assocs. Fin. Servs. Co. of Wis., Inc. v. Brown,* 2002 WI App 300, 258 Wis.2d 915, 656 N.W.2d 56 (2002), the mere transposi-

tion of numbers in a legal description resulted in a finding that a quitclaim deed was not properly recorded and therefore void against a subsequent interest in the property. The bank recognizes that the deed in *Brown* was posted by the register of deeds to the "wrong pigeon hole" because of the error, and acknowledges that the trial court "properly" found that a search of the grantor-grantee index would have revealed a conveyance of property that was not "properly described." *See* the bank's brief in support of reconsideration at 9–10. However, the bank refuses to acknowledge the similarity of its own error.

In *Brown*, the Wisconsin Court of Appeals indicated that the quitclaim deed was not recorded "as provided by law," and noted that the plaintiffs had admitted that their deed was not "properly recorded." *Id.* at 59–60. Notably, when discussing the flaws in the deed and the net result (i.e., the fact that the deed was void as against a subsequent purchaser), the court referenced the *recording statute* and not the statute of frauds. *Id.* (the court cited Wis. Stat. § 706.05(2) and the "requirements for an instrument offered for record").

■■■■ In this case, the absence of a legal description for the two parcels (or, at a minimum, a description of those parcels which would permit "ready entry" of the mortgage in the tract index as an index publicly maintained as a county land record) is certainly far more egregious than a minor transposition error *within* such a description. Of course, the effect of both errors is the same—namely, that the interests did not appear in the respective tract indexes of the counties in question. *Id.* at

60. In both instances, the instruments failed to meet the requirements for an instrument offered for record. Because it did not satisfy the identification requirements of § 706.05(2), the bank's mortgage was not recorded "as provided by law." *Id.* An instrument which fails to meet the requirement for a "definite reference" of the real estate is subordinated to the interests of a subsequent purchaser. *See* Wis. Stat. § 706.09(1)(b).

The bank relies heavily upon the case of *Anderson v. Quinn,* 2007 WI App 260, 306 Wis.2d 686, 743 N.W.2d 492 (2007). In that case, the owners of a parcel of real estate sought to void various easements which had been previously granted to the unit owners of a neighboring condominium development. There were three easements in dispute: a road easement that corresponded to the current driveway, a "beach easement," and an easement for water lines, electrical lines, and "similar" utilities. The Wisconsin Court of Appeals found that the beach easement was too vague under the statute of frauds, but concluded the property owners were bound by both the road easement and the utility easement.[7] The bank reads this case as supporting its argument that an instrument satisfies the identification requirements of the recording provisions as long as it complies with the statute of frauds.

It is true that one of the questions raised in *Anderson* was whether the property owners had constructive notice of the easements. The court's analysis of this issue, however, was not in any manner predicated upon the statute of frauds. The court began its discussion of the question of constructive notice by acknowledging that under Wis. Stat. § 706.09(1), the prop-

---

7. In the context of recording, easements for the "construction, operation, or maintenance of electric, gas, railroad, water, telecommunications or telephone lines or facilities" are not subject to the requirement for a full legal description of the property. *See* Wis. Stat. § 706.05(b)(1).

erty owners' interest would be superior to those of the condominium unit owners *if* the property owners "were without notice of the easements" *or* the declaration creating the easements was not "identified by definite reference in the [owners'] chain of title." 743 N.W.2d at 497. The court then stated that the property owners "had notice of the declaration through the unit owners' use of the property," which meant that they had notice of the easements through the "use or occupancy" of the real estate under Wis. Stat. § 706.09(2)(a). *Id.*

Having reached this conclusion, the court made a telling observation: "Our conclusion that the [property owners] had notice of the easements *makes it unnecessary* to decide whether the declaration is identified by definite reference in [their] chain of title." *Id.* at 498 n. 7 (emphasis added). Far from basing its analysis of the owners' bona fide purchaser status on the statute of frauds or equating the requirement of identification by "definite reference" to identification with "reasonable certainty," the court's decision on constructive notice was premised entirely upon the notion that a subsequent purchaser has notice of an adverse interest which is "actual, visible, open and notorious." *Id.* at 498 (citing Wis. Stat. § 706.09(2)).[8]

Here, there was no adverse use or occupancy; there was also no definite reference because the instrument did not meet the requirements of an instrument offered for record under Wis. Stat. § 706.05(2).

*Brown,* 656 N.W.2d at 59–60; *see also Carley Group,* 117 B.R. at 959 (under the recording statute, the scope of a subsequent purchaser's inquiry is limited to the *contents* of all instruments in the chain of title). As a result, there is no constructive notice of the bank's interest in the two parcels and the interest of a subsequent purchaser would be superior to the bank's mortgage.

■ The bank also contends that the Court improperly disregarded the effect of the affidavit of correction. In *Smiljanic v. Niedermeyer,* 2007 WI App 182, 304 Wis.2d 197, 737 N.W.2d 436 (2007), the Wisconsin Court of Appeals considered the legal effect of a broker's affidavit which affirmed that the sellers of a parcel of property had intended to convey an easement which was not otherwise reflected in the recorded deed. The court concluded that "there was and is no statutory authority for accomplishing a correction of the description of the property conveyed by the deed by simply recording the broker's affidavit," which meant that the affidavit was not a valid means of conveyance of the easement or of correction of the deed. *Id.* at 445.

In *Smiljanic,* the court expressly stated that the "proper procedure" for correcting a deed is found in Wis. Stat. § 847.07 (or its predecessor). *Id.* This statute provides for *judicial* correction of conveyances which "contain an erroneous description"

---

**8.** Only after dealing with the question of constructive notice did the *Anderson* court turn to the statute of frauds. 743 N.W.2d at 500 (the property owners "finally" argued that the utility and beach easements "are too indefinite to satisfy the statute of frauds"). Essentially, having lost on the issue of constructive notice, the property owners argued that the easements were not only void as against subsequent purchasers, but for *all* purposes; it was in this context that the court dealt with the question of identification with "reasonable certainty." *Id. Anderson* actually reiterates the distinction between the statute of frauds and the recording requirements—after all, if the "reasonable certainty" standard of the statute of frauds were the equivalent of the "definite reference" requirement of § 706.09(1)(b), there would be no reason to specifically decline the need to address the latter concept while addressing the former.

or which do not "clearly or fully describe the premises intended to be conveyed." *See* § 847.07(1)(a) and (b). The effect of *Smiljanic*, of course, was to call into question the general practice of correction by affidavit. *See* Sara B. Andrew, *Correcting Real Estate Documents*, 83 Wis. Law. 30, 32 (Oct. 2010) (noting that in an effort "to create certainty where there had been none," various parties lobbied for a law to allow the use of affidavits of correction; this effort resulted in passage of Wis. Stat. § 706.085).

The bank's affidavit does not itself serve as a valid conveyance under Wis. Stat. § 706.02 (the statute of frauds) because it is not signed by the grantors. *Smiljanic*, 737 N.W.2d at 444 ("it is plain the affidavit itself is not a conveyance ... because it does not satisfy the requirements of Wis. Stat. § 706.02"). *Smiljanic* provides that the only "proper" way to correct a real estate conveyance until passage of Wis. Stat. § 706.085 in 2010 was through the judicial procedure authorized under Wis. Stat. § 847.07. *Id.* at 445.

Of course, the bank did not use § 847.07 to correct its mortgage. Instead, it filed an affidavit. In order to be valid, that affidavit must comply with the provisions of Wis. Stat. § 706.085. *See* Wis. Stat. § 706.085(4) (an affidavit of correction recorded prior to May 28, 2010, "that would have been a valid correction instrument under this section had this section been in effect when the instrument was recorded is hereby validated").[9] In the prior decision, the Court articulated the reasons why the affidavit did not constitute a "valid correction instrument" under the statute,

which meant that it was not entitled to retroactive validation. The Court finds no basis to reconsider that conclusion. In its brief, however, the bank contends that even if it is invalid, the affidavit still provides constructive notice of its mortgage.

This statement is true as far as it goes. But as the Court ultimately noted in its prior ruling, the only thing the affidavit provides notice of is the original (defective) mortgage. The original mortgage, it must be remembered, did not contain the required reference to the two parcels in question. Because it does not meet the requirements of Wis. Stat. § 706.085, the affidavit cannot itself add those parcels to the original mortgage. Since the affidavit did not effectively amend the legal description of the original mortgage and is itself not a conveyance of an interest in the two parcels, the Court must find that the only "notice" provided to subsequent purchasers is of an interest in the third part of the property.

The bank made two mistakes. First, it did not attach the legal descriptions for the two parcels to the mortgage when it was presented to the Register of Deeds. Second, it opted to file an affidavit of correction even after the Wisconsin Court of Appeals indicated that doing so was not an appropriate method to correct a conveyance. The affidavit of correction was invalid and the original mortgage did not satisfy the recording requirements. The result is that a subsequent purchaser would not have had constructive notice of the bank's interest in the two parcels.

9. The bank complains that this Court is unfairly holding its affidavit to the standards of a statute enacted two years after the affidavit was filed. But the bank filed the affidavit in June of 2008, more than a year after the Wisconsin Court of Appeals indicated that the use of such affidavits was improper, or at the very least ineffective to actually correct a conveyance instrument. Under *Smiljanic*, the affidavit was invalid at the time of filing because there was no statutory authority for it; the only question is whether the subsequent statute acted to retroactively validate it.

Summary judgment is appropriate where there are no disputed issues of material fact and the moving party is entitled to summary judgment as a matter of law. *See* Fed. R. Bankr.P. 7056, incorporating Fed.R.Civ.P. 56(c). Summary judgment is to be denied only if there is a "genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The bank has not identified any material facts which remain in dispute. Under 11 U.S.C. § 544(a)(3), the trustee may assert the status of a subsequent purchaser and avoid the mortgage as to both parcels. The trustee's oral motion for summary judgment on this issue shall be granted. As indicated in the prior decision, the Court declines to consider the trustee's request to impose an easement by necessity on the third parcel; the trustee may pursue that matter in state court should he choose to do so.

A judgment shall be entered consistent with this decision.