303, LLC, Plaintiff-Appellant,

v.

Alice Born, Scott Ditter and Paulette Ditter,
Defendants-Respondents.

Court of Appeals

*No. 2011AP2368. Submitted on briefs June 29, 2012.
—Decided September 5, 2012.*

**2012 WI App 115**

(Also reported in 823 N.W.2d 269.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Edward J. Ritger* of *Ritger Law Office*, Random Lake.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Julie A. Seno* of *McNally, Maloney & Peterson, S.C.*, Milwaukee and *Elizabeth G. Rich* of *Elizabeth Gamsky Rich & Associates, S.C.*, Plymouth.

Before Brown, C.J., Reilly and Gundrum, JJ.

¶ 1. REILLY, J. The statute of frauds requires that if one wishes to enforce a contract for the sale/purchase of real estate, the contract must be in writing, set forth all the essential terms with particularity, and be signed by all parties to the transaction. *See* Wis. Stat. § 706.02 (2009–10).[1] The statute of frauds does not prohibit oral contracts but it does prevent one from enforcing an oral contract for the sale/purchase of land.

¶ 2. 303, LLC offered to buy Walter and Alice Born's fifty-acre farm and home via a written offer to purchase. The Borns accepted the offer. The sale of the Borns' fifty-acre farm to 303, LLC is not and has never been at issue. The issues in this appeal relate to two provisions contained within the accepted offer to purchase:

(1) "Seller to rent land back for 10 years (pay taxes only) or until done farming."

(2) "Buyers want right of First refusal on remaining Acreage."

¶ 3. After selling the property to 303, LLC, the Borns rented back the farm. Walter died in 2004. Alice sublet a portion of the fifty acres to Scott and Paulette Ditter in 2005 and later sold two of her own parcels to the Ditters in 2005 and 2009, respectively. 303, LLC sued Alice and the Ditters in 2009, arguing that it had a right of first refusal on the land sold to the Ditters and that Alice breached the lease agreement by subletting to the Ditters. The circuit court granted summary judgment on the issue of the right of first refusal finding that the description of the land violated the

---

[1] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

statute of frauds as it was "too indefinite," and following a trial, found that Alice did not breach the lease agreement. We affirm.

## Facts

¶ 4. On September 18, 2003, the Borns accepted a written offer from 303, LLC to purchase the Borns' fifty-acre farm and home. The sale closed on November 6, 2003. Neither the warranty deed nor any of the closing documents memorialized the right of first refusal nor identified the "remaining acreage" referred to in the written offer to purchase. Pursuant to the lease-back provision, the Borns rented back the fifty-acre parcel and continued to live on and farm the land. No written lease for the fifty acres was executed. The Borns owned approximately 128 acres of land in September 2003, leaving the Borns with nearly eighty acres of property after they sold the fifty-acre parcel to 303, LLC; some of the land was contiguous to the fifty-acre parcel and some was not.

¶ 5. Walter Born died unexpectedly in 2004. Alice Born continued to live on and farm the land.

¶ 6. In 2005, Alice sublet approximately thirty-four of the fifty acres to Scott and Paulette Ditter. Going forward, Alice utilized approximately twelve acres for her own activities of pasturing cows and hay operations. The Ditters paid rent to Alice and also helped her with the farming activities previously performed by her husband, including cutting and baling hay for Alice's cows.

¶ 7. Alice mailed 303, LLC a USDA crop form in 2005 requesting 303, LLC allow the Ditters to report crops on the 303, LLC property. 303, LLC refused

consent, asserting that Alice and Walter were to farm the land rather than sublet it to other people. 303, LLC did not take further action.

¶ 8. On October 24, 2005, the Ditters offered to buy a 28.5–acre parcel owned by Alice. Alice accepted the offer and the transaction closed on December 22, 2005, with the knowledge of 303, LLC.[2] On February 12, 2009, the Ditters offered to buy an 8.5–acre parcel owned by Alice. Alice accepted the offer and the transaction closed on April 7, 2009.

¶ 9. On June 10, 2009, 303, LLC sued Alice for breach of contract and the Ditters for tortious interference with contract related to the "disregard" of 303, LLC's contractual right of first refusal on Alice's "remaining acreage." 303, LLC's claim against Alice also alleged she had breached her contract with 303, LLC by subletting the thirty-four acres to the Ditters.

*Right of First Refusal*

¶ 10. 303, LLC disagrees with the circuit court's finding on summary judgment that the phrase "remaining acreage" is too indefinite to meet the statute of frauds requirement that the land be identified with reasonable certainty. 303, LLC argues that *Stuesser v. Ebel*, 19 Wis. 2d 591, 593, 120 N.W.2d 679 (1963), requires the court to look to the "facts and circumstances surrounding the parties" at the time of the

---

[2] 303, LLC argues for the first time on appeal that under the doctrine of election of remedies that Alice could not rescind the right of first refusal as she recognized the right in 2005. As the issue was raised for the first time on appeal we do not address it. *Wirth v. Ehly*, 93 Wis. 2d 433, 443, 287 N.W.2d 140 (1980).

conveyance of the parcel to identify property, and that "remaining acreage" has only one meaning—all 128 acres of land owned by the Borns as of the time of the offer to purchase. Summary judgment is appropriate when the pleadings, admissions, affidavits, and other court filings show that there is no genuine issue to any material fact and that the moving party is entitled to judgment as a matter of law. *Tatera v. FMC Corp.*, 2010 WI 90, ¶ 15, 328 Wis. 2d 320, 786 N.W.2d 810. Whether a court properly awarded summary judgment is subject to de novo review as it involves a question of law. *Id.*

¶ 11. We begin by stating the obvious: "remaining acreage" does not identify the specific land that is subject to the right of first refusal. It is further undisputed that, of the land owned by Alice after the sale to 303, LLC, some was contiguous to the fifty acres and some was not. The offer to purchase did not say "*all of the seller's remaining acreage wherever located,*"[3] but rather just "remaining acreage." A disinterested person examining the offer to purchase could not specify with reasonable certainty what land was subject to the right of first refusal.

■

¶ 12. The test to employ when land is not specifically identified in a written contract is not what the parties (or even the "reasonable man") intended but what the contract in fact describes. *Zapuchlak v. Hucal*, 82 Wis. 2d 184, 191, 262 N.W.2d 514 (1978). Before parol evidence can be used in the context of the statute of frauds the description in the conveyance must fur-

___

[3] We are not holding "*all of the seller's remaining acreage wherever located,*" would satisfy the statute of frauds—we are simply pointing out the ambiguity in the argument of 303, LLC that they meant all 128 acres.

nish some foundation, link or key to the oral or extrinsic testimony that identifies the property. *Stuesser*, 19 Wis. 2d at 594. For example, the "key" or "link" provided by the description of "enclosed by a fence" in a contract for the sale of property lends sufficient definiteness to the property description such that parol evidence provided by a surveyor related to the fence would allow a third party to pinpoint a specific property. *Id.* at 595. There is no written link to specifically identify what property was meant by "remaining acreage" in 303, LLC's offer to purchase.

¶ 13. In *Stuesser*, the description "the real estate owned by the Sellers and located in the Town of Oak Grove, now known as the 'Dobie Inn' and used in the business of the Sellers" failed to comply with the statute of frauds as there was no "key" or "link" to the identification of the property and, as such, the description was "too indefinite" to satisfy the statute of frauds. *Id.* at 594, 597. The *Stuesser* court acknowledged that, although the parties knew what was meant by the description and the plaintiff just wanted out of the contract, the contract was nonetheless void as it failed to meet the "call of the statute." *Id.* at 596–97.

¶ 14. In *Wadsworth v. Moe*, 53 Wis. 2d 620, 193 N.W.2d 645 (1972), the description "the L. W. Anacker farm in the town of Stanton" also failed for being too indefinite. *See id.* at 623–24. Anacker owned not just a farm in the town of Stanton but also a one-acre piece of land, where Anacker lived in a remodeled schoolhouse. *Id.* at 621. The court found that, when an individual owns more than one parcel of land in the same general locality, the description in the document must be sufficiently definite so that a person might know to a reasonable certainty what parcel or parcels the document is describing. *Id.* at 625. Although the conveyance

referred to a "farm," implying the 130–acre farm, the court found the description vague in that it was not sufficiently specific. *Id.*

¶ 15. Likewise, "remaining acreage" is not sufficiently specific such that a person might know to a reasonable certainty from examining the offer to purchase which Born parcel or parcels the right of first refusal referred to. "[R]emaining acreage" does not provide a key or link to what specific land attached to the right of first refusal, and therefore, any parol or extrinsic evidence would be improper as the evidence would be offered for what the parties intended rather than for what the written conveyance described.

¶ 16. Parol evidence in the context of the statute of frauds does not operate to supply the fatal omissions of the writing but rather to render the writing intelligible. A clear distinction must be drawn between the proper admission of extrinsic evidence for the purpose of applying the description to identified property versus the improper supplying of a description or adding to a description that on its face is insufficient. 72 Am. Jur. 2d *Statute of Frauds* § 227 (2012). As the description "remaining acreage" is, on its face, insufficient to identify the specific property, parol evidence would not be admissible under the statute of frauds.

¶ 17. In summary, 303, LLC's argument that "remaining acreage" was *intended* to mean all of the Borns' property wherever located confirms that the description is indefinite and violates the statute of frauds. As "remaining acreage" is too indefinite to satisfy the statute of frauds, we affirm the circuit court's dismissal of 303, LLC's action grounded upon a claim of right of first refusal.

*Lease Back*

¶ 18. The circuit court held a court trial as to whether Alice breached the "rent back" provision. We accept for purposes of discussion that the provision, "Seller to rent land back for 10 years (pay taxes only) or until done farming" satisfies the statute of frauds as it identified the parties (303, LLC and the Borns), the land (the fifty acres), the interest conferred (lease), material terms (ten-year lease, seller to pay taxes only), and that it was signed and delivered. *See* WIS. STAT. § 706.02(1)(a)-(g). The standard of review for a court trial is whether the findings of fact were clearly erroneous, with deference paid to the circuit court's determinations on witness credibility. *See* WIS. STAT. § 805.17(2); *Teubel v. Prime Dev., Inc.*, 2002 WI App 26, ¶¶ 12–13, 249 Wis. 2d 743, 641 N.W.2d 461.

¶ 19. At trial, Alice testified that she was not "done farming" and used some of the leased property as pasture land for her cattle; that she sold hay cut from the leased property; and that she sold cattle to generate income. Alice testified that she received income from various government programs for farming the land. Scott Ditter testified that Alice pastured and hayed the land she leased from 303, LLC. 303, LLC argued that the act of subletting a portion of the land to the Ditters was improper and breached the lease term.

¶ 20. The circuit court construed the meaning of "Seller to rent land back for 10 years (pay taxes only) or until done farming," and found that, as Alice was not "done farming," she did not breach the "rent back" provision. We affirm the circuit court's finding of facts and agree that, given the language of the lease, Alice did

not breach the lease as she continued to farm the land and did not breach any other material term.

¶ 21. We affirm the circuit court in all respects and award costs to respondents.

*By the Court.*—Orders affirmed.