COURT OF APPEALS
DECISION
DATED AND FILED

December 23, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP831**

STATE OF WISCONSIN

Cir. Ct. No. 2020CV2670

IN COURT OF APPEALS
DISTRICT I

---

KATHE LAKE,

PLAINTIFF-APPELLANT,

V.

MEI & ASSOCIATES, S.C., DANIEL MEI AND TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,

DEFENDANTS-RESPONDENTS.

---

APPEAL from a judgment of the circuit court for Milwaukee County: THOMAS J. McADAMS, Judge. *Affirmed*.

Before Donald, P.J., Geenen and Colón, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Kathe Lake appeals from a judgment of the circuit court dismissing her legal malpractice claims against Attorney Daniel Mei, his law firm, Mei & Associates, S.C., and his insurer, Travelers Casualty and Surety Company of America. We conclude the circuit court did not err in dismissing Lake's claims and affirm.

## BACKGROUND

¶2 Lake owns a house in Milwaukee County close to Lake Michigan. In the early 2000s, Lake hired a renowned landscape architect to design the landscape for her property.

¶3 In November 2015, Scott and Laura Mullins bought a home behind Lake's property. Around that time period, Lake's property had a private arboretum with fifty varieties of tree species.

¶4 On March 13, 2016, Lake returned home and saw that several of her trees had branches cut off. Lake called the police. The police noted that thirteen trees had multiple branches cut off. The police observed that the area where the trees had been damaged allowed the Mullins' residence a less obstructed view of Lake Michigan.

¶5 Scott admitted to the police that he went onto Lake's property and cut the branches from the trees. He said that he recently purchased the residence and invested a lot of money and wanted a better view of Lake Michigan. He was issued two municipal citations and paid a $355 fine. A real estate agent estimated that the Mullins gained an increase of $162,000 in property value from the improved lake view.

¶6    Lake retained Attorney Daniel Mei to represent her. Lake also hired an arborist, James Uhrinak, to do a tree damage assessment. Uhrinak estimated a total damage amount of $6,945.00.

¶7    Attorney Mei made an initial settlement demand of the Mullins for $50,000. The Mullins' attorney offered to settle for $710. Lake rejected the offer.

¶8    In July 2016, Attorney Mei filed a complaint in Milwaukee County Circuit Court Case No. 2016CV5193 (the "first case") against the Mullins. The complaint alleged three torts: trespass, conversion, and destruction of property. The complaint sought actual damages, punitive damages, attorney's fees, and "any and all other relief the court deems just and equitable." Attorney Mei conducted research regarding a civil property loss and damage statute, WIS. STAT. § 895.446 (2021-22),[1] and placed it in his case file. Attorney Mei decided, however, not to assert a violation of § 895.446 or inform Lake of the statute because he believed the statute would limit the total damages.

¶9    Attorney Mei advised Lake that a trial court could award Lake damages in an amount between $3,000 and $7,000 and be "reluctant" to give either punitive damages or attorney fees. Ultimately, Lake settled the case for $4,000. In May 2017, the case was dismissed.

¶10    According to Attorney Mei, around the time the case was settled, Lake said, "[m]aybe now that it's over, I'll plant some trees along the lot line, so

___

[1] Although the complaint was drafted and filed in 2016, we note that the relevant statutory language has not changed. Thus, all references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

3

they'll never see the lake again." Attorney Mei responded, "not a good idea," and Lake laughed. Attorney Mei did not take her seriously.

¶11 Subsequently, between the end of May 2017 and July 2017, Lake planted several new trees on her property. After Lake ignored the Mullins' request for a meeting to discuss the new plantings, the Mullins' attorney informed Attorney Mei that the Mullins were considering filing a lawsuit against Lake for a "spite fence." *See* WIS. STAT. § 844.10. Attorney Mei informed Lake of the conversation.

¶12 On July 18, 2017, the Mullins sued Lake for a spite fence in Milwaukee County Circuit Court Case No. 2017CV5913 (the "second case"). Attorney Mei filed an Answer denying that Lake's new trees were a spite fence.

¶13 Approximately one year after the initiation of the second case, Lake told Attorney Mei that she wanted the case settled. Attorney Mei recommended that the newly planted trees be removed.

¶14 After Lake removed the new trees, the Mullins proposed a settlement offer which: (1) required the removal of certain additional plants from Lake's property; (2) prohibited her from adding new plants; (3) required annual branch trimming; and (4) sought a payment of $50,000.

¶15 Lake subsequently terminated Attorney Mei's representation and retained a new attorney. Ultimately, the case was settled with no monetary exchange between the parties.

¶16 In April 2020, Lake pursued a legal malpractice action against Attorney Mei, his law firm, and his insurer. A multiple-day court trial took place. Lake presented several witnesses, including Attorney Mei; a tree expert, John

Correll, who valued the replacement costs of the thirteen damaged trees at $87,140.00; and a legal expert, Walter Stern. Mei presented testimony from an opposing legal expert, Terry Johnson.

¶17    The circuit court found in favor of Attorney Mei and a judgment was entered dismissing Lake's complaint. Lake was ordered to pay $10,079.48 in costs. Lake now appeals from the legal malpractice lawsuit. Additional relevant facts are referenced below.

## DISCUSSION

¶18    In a legal malpractice action, the plaintiff has the burden to prove four elements:  (1) the existence of an attorney-client relationship; (2) the acts or omissions constituting the alleged negligence; (3) that the acts or omissions caused the plaintiff's injury; and (4) that the client suffered an actual injury. *Skindzelewski v. Smith*, 2020 WI 57, ¶9, 392 Wis. 2d 117, 944 N.W.2d 575.  In order to establish causation and injury, "a plaintiff must show that 'but for the negligence of the attorney, the client would have been successful in the prosecution or defense of an action.'"  *Id.* (citation omitted).

¶19    Following a bench trial, we will not set aside findings of fact unless clearly erroneous.  WIS. STAT. § 805.17(2); *303, LLC v. Born*, 2012 WI App 115, ¶18, 344 Wis. 2d 364, 823 N.W.2d 269.  We review a circuit court's conclusions of law independently.  *Dawson v. Goldammer*, 2006 WI App 158, ¶9, 295 Wis. 2d 728, 722 N.W.2d 106.  We also review questions of statutory interpretation independently.  *Noffke ex rel. Swenson v. Bakke*, 2009 WI 10, ¶9, 315 Wis. 2d 350, 760 N.W.2d 156.

### I.     The First Case

¶20     With respect to Lake's first case, in which Attorney Mei filed a complaint against the Mullins for cutting the branches off Lake's trees, Lake argues that Attorney Mei should have informed her that she had a viable claim under WIS. STAT. § 895.446.  Lake argues that the absence of this information prevented her from giving informed consent to the $4,000 settlement.

¶21     WISCONSIN STAT. § 895.446 provides a civil cause of action for "[p]roperty damage or loss caused by crime" under certain enumerated criminal statutes, including WIS. STAT. § 943.01.  *Estate of Miller v. Storey*, 2017 WI 99, ¶12 n.6, 378 Wis. 2d 358, 903 N.W.2d 759.  To prove a violation of § 943.01, a plaintiff must establish that the defendant intentionally damaged the physical property of the plaintiff without the plaintiff's consent.  WIS. STAT. § 943.01(1); *see also* WIS JI—CRIMINAL 1400.

¶22     Under WIS. STAT. § 895.446(3), a plaintiff "may" recover all of the following:

> (a) Actual damages, including the retail or replacement value of damaged, used, or lost property, whichever is greater, for a violation of s. 943.01….
>
> (b) All costs of investigation and litigation that were reasonably incurred, including the value of the time spent by any employee or agent of the victim.
>
> (c) Exemplary damages of not more than [three] times the amount awarded under par. (a).

¶23     Lake argues that Scott violated WIS. STAT. § 943.01, and if a claim had been brought under WIS. STAT. § 895.446(3), she would have been entitled to a "significantly larger" damage amount than the $6,945 estimated by her expert, Uhrinak.  According to Lake, she was entitled to the replacement value of the

thirteen trees which had branches cut ($87,140.00), reasonable attorney's fees and costs ($116,727.69), and punitive damages of at least $162,000.

¶24    Even if we assume that Scott violated WIS. STAT. § 943.01—and we emphasize that we are not drawing that conclusion here—we disagree with Lake's interpretation of WIS. STAT. § 895.446(3) and conclude that Attorney Mei was not negligent in his representation of Lake in the first case.

¶25    When interpreting a statute, we first examine the language of the statute. *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110. If the meaning of the words of a statute is plain, we stop our inquiry and apply the words chosen by the legislature. *Id.* When a statute is ambiguous (i.e., when it "is capable of being understood by reasonably well-informed persons in two or more senses"), we examine the "'scope, history, context, and purpose of the statute.'" *Id.*, ¶¶47-48 (citation omitted). Statutory language is interpreted "to avoid absurd or unreasonable results." *Id.*, ¶46.

¶26    First, we are not persuaded that Lake would have been entitled to recover $87,140.00 for the replacement cost of the trimmed trees. The record does not reflect that any of the trees were ever replaced. In fact, Lake's tree expert, Correll, testified that when he saw the trees in 2020, "[t]hey were healthy trees."

¶27    WISCONSIN STAT. § 895.446(3)(a) provides that a plaintiff "may" recover actual damages including "the retail or replacement value of damaged, used, or lost property, whichever is greater[.]" As Mei observes, the statute does not address property that can be repaired. The measure of damages for property that can be repaired is generally the lesser of the diminution in value of the property or the cost to repair. *See* WIS JI—CIVIL 1804. Awarding Lake the replacement cost for all thirteen trees would entitle Lake to a windfall. *See*

7

*Pedelty v. Wisconsin Zinc Co.*, 148 Wis. 245, 252, 134 N.W. 356 (1912) (awarding owner the cost to restore land in excess of decrease in value would be unjust to the wrongdoer by awarding the owner a far greater sum than actually lost). Construing the statute to require the replacement cost for all thirteen trees would be an unreasonable result. *Kalal*, 271 Wis. 2d 633, ¶46.

¶28 Second, we are not persuaded that a jury would have awarded Lake "at least $162,000" in punitive damages under WIS. STAT. § 895.446. Uhrinak, whom Lake hired to evaluate the damage to the trees prior to the commencement of the first case, assessed damages at $6,945. Under § 895.446(3)(c), punitive damages up to three times the amount of actual damages may be awarded. Thus, Lake's punitive damages would be capped at $20,835. In contrast, the common law tort claims pled by Attorney Mei would allow for the recovery of twice the amount of actual damages or $200,000, whichever is greater. *See* WIS. STAT. § 895.043(6). Thus, the common law tort claims pled by Attorney Mei allowed for a more favorable recovery with a cap of $200,000. As the circuit court recognized, an attorney is not required to plead every possible claim. Attorney Mei's decision to plead common law tort claims, which had a more favorable punitive damages cap, was reasonable.

¶29 Lastly, in 2017, at the time of the settlement, binding precedent held that WIS. STAT. § 895.446 did *not* allow the recovery of attorney's fees. *Estate of Miller v. Storey*, 2016 WI App 68, ¶¶22-30, 371 Wis. 2d 669, 885 N.W.2d 787. While our supreme court ultimately reversed this decision, it was not done until seven months after Lake settled her case. *See id.*, 2017 WI 99, ¶6, 378 Wis. 2d 358, 903 N.W.2d 759. Thus, a reasonably prudent attorney could not have advised Lake that attorney fees were recoverable under § 895.446.

¶30     Therefore, we are not persuaded that Attorney Mei performed negligently, and we conclude that the circuit court properly rejected Lake's legal malpractice claims in the first case.

## II.     The Second Case

¶31     With respect to the second case, which the Mullins brought against Lake for an alleged "spite fence," Lake argues that Attorney Mei was negligent for failing to advise her that she could have avoided a lawsuit by removing the newly planted trees.  There was no evidence, however, that such advice would be correct. The Mullins sued Lake for more than just the removal of the newly planted trees. The Mullins also sought other relief including punitive damages and attorney fees and costs.

¶32     In addition, Lake argues that Attorney Mei was negligent because he told her at the outset of the second case that her newly planted trees were not a spite fence, but a year later recommended that the newly planted trees be removed.

¶33     During the trial, Attorney Mei denied telling Lake that the trees were not a spite fence, but rather told her that a judge would make such a determination. When Attorney Mei was preparing to answer the complaint, Lake adamantly denied blocking the Mullins' view of the lake or acting maliciously or intentionally to annoy the Mullins.  Attorney Mei answered the complaint consistent with Lake's contentions.  We are not convinced that it is negligent to file an answer and take a litigation position consistent with a client's denials of the allegations in a complaint.

¶34     Subsequently, several developments took place.  First, Lake informed Attorney Mei that she wanted the case settled, and the Mullins' attorney

informed Attorney Mei that settlement was conditioned on removal of the trees. Second, the circuit court had made an "offhand comment" that if Lake would move the trees, the "case would end." Third, Lake's deposition had not gone well. Lake stated that the trees had been planted according to a plan developed a number of years prior, but she could not find the plan and admitted that she had not shown the plan to Uhrinak, who had planted the new trees. Additionally, Lake denied that the newly planted trees blocked the Mullins' view of Lake Michigan. Based on these developments, Attorney Mei's decision at that point to recommend removing the trees mid-lawsuit was not negligent. Thus, we reject Lake's argument that Attorney Mei performed negligently in the second case and conclude that the circuit court properly rejected Lake's legal malpractice claims.

¶35    Therefore, for all of the reasons above, we affirm.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.